604 So.2d 883 (1992)
Janet PAUL, Appellant,
v.
Charles M. JOHNSON, Jr. and Marilyn S. Johnson, Appellees.
No. 91-2701.
District Court of Appeal of Florida, Fifth District.
August 28, 1992.
Kenneth Sills, Daytona Beach, for appellant.
Lawrence J. Nixon, of Nixon, Quarles & Toung, Daytona Beach, for appellees.
W. SHARP, Judge.
Paul appeals from an order of the Circuit Court (Juvenile Division) which held her in indirect criminal contempt of court for having willfully violated an earlier court order regarding supervised visitation. Paul was sentenced to five days in jail, but the sentence was suspended so long as she complies with a subsequent visitation order. Paul argues the initial order was not specific enough to put her on notice that *884 her later conduct violated it. We agree and reverse.
In an earlier proceeding, the court declared Paul's two daughters (ages eleven and thirteen, respectively) to be dependent, and removed them from Paul's custody. They had been physically, emotionally, and sexually abused by Paul and her paramour, and the children were afraid of their mother. All concerned needed therapy.
Accordingly, the children were placed in the residence of their maternal grandparents. Paul and the children were to receive counseling and therapy. By court order, Paul was given supervised visitation with her children once a month at the office of an HRS counselor. The order provided:
The visitation shall continue as ordered until Mike Reed (the counselor) recommends change based on the mother's progress in therapy.
However, the order did not prohibit Paul from contacting or trying to see her daughters at other times and places.
The finding of contempt was based on two sightings of the children by Paul outside the context of supervised visitation. On September 16, 1991, Paul visited a friend at her home in the neighborhood where the children were then living. As one of her children rode by on her bicycle on her way to school, Paul held up a sign saying "I love you," and reached out in the child's direction. The child was very frightened. Another time, Paul attended a school function with a friend and her children. Paul waved to her child across the room, but did not try to approach her.
For a person to be held in contempt of a court order, the language of the order must be clear and precise,[1]and the behavior of the person must clearly violate the order.[2] Here, the order specified the time and place of supervised visitation, but it did not go further and bar Paul from telephoning, corresponding with, or seeking to catch glimpses of her children in public places.
Paul testified she did not think the order forbid her from trying to make such contacts with her children. Intent is an essential element of contempt, and absent an admission by the charged person, it must be established by circumstantial evidence. Thomson v. State, 398 So.2d 514 (Fla. 2d DCA 1981). In this case, the circumstantial evidence is not "inconsistent with any reasonable hypothesis of innocence." Thomson. It is quite plausible Paul had no willful intent to violate the court order.
In addition to the order finding Paul in contempt, the judge entered a new order regarding visitation. It prohibits Paul from going within one-half mile of the children's schools, or within one mile of their residence. Paul is also prohibited from approaching within one-quarter mile of any place the children are known to visit or go. She may not communicate with them directly or indirectly. She cannot present herself to them along any travel route or at any public gathering, or at any meeting, or area where the children are likely to be, under any circumstances. She has also been denied any contact with the children until further order of the court. This order has not been appealed, and it should handle the problems which have arisen in this case.
Accordingly, we reverse the order of contempt entered in this cause and remand for further proceedings.
REVERSED and REMANDED.
GOSHORN, C.J., and DIAMANTIS, J., concur.
NOTES
[1] Kranis v. Kranis, 313 So.2d 135 (Fla. 3d DCA 1975).
[2] Crutchfield v. Crutchfield, 345 So.2d 831 (Fla. 1st DCA 1977).