630 So.2d 1216 (1994)
EGYB, INC., et al., Appellants,
v.
FIRST UNION NATIONAL BANK OF FLORIDA, Successor to Florida National Bank, Appellee.
No. 93-289.
District Court of Appeal of Florida, Fifth District.
January 21, 1994.
Thomas W. Deans, Melbourne, for appellants.
James S. Grodin and Edward P. Jordan II of Foley & Lardner, Orlando, for appellee.
GOSHORN, Judge.
EGYB, Inc. (EGYB) appeals the non-final order appointing a receiver to operate and maintain the Eau Galle Yacht Basin (marina). We reverse.
The appellee, First Union National Bank (First Union) loaned EGYB $1,700,000. To secure the loan, EGYB executed a balloon mortgage granting First Union a first mortgage lien on the marina. The mortgage provided for the appointment of a receiver in the event of a default. Subsequently, First Union loaned EGYB $200,000 which was evidenced by another promissory note (future advance). The future advance was secured by the mortgage and guaranteed by Armenis, A & W Exploration Corp. and ARW Exploration Corp.
EGYB failed to pay the principle amounts due under the notes when they matured. Consequently, First Union filed a complaint to foreclose the mortgage and collect under the promissory note and future advance. First Union moved the court for the appointment of a receiver pursuant to the terms of the mortgage. However, the day before the hearing on the motion, First Union and EGYB entered into a stipulation which was filed with the court. The stipulation provided in pertinent part:
1. First Union will withdraw its motion for the appointment of a receiver set for hearing on August 17, 1992 without prejudice. Nothing contained herein shall impair or waive plaintiff's right to re-move the Court for the appointment of a receiver.
2. EGYB ... shall forward to [First Union's counsel] ... any excess income, over and above approved expenses received after September 1, 1992.
3. EGYB ... shall allow full and complete access to the premises ... to [First Union] for the purpose of making environmental and/or regulatory assessments... . EGYB ... shall fully cooperate in this process ... and shall provide to the extent available, current financial statements, copies of all existing slip leases, and detail *1217 [sic] of all capital expenditures made during the last four (4) years.
7. Should EGYB ... fail to comply with the terms of this stipulation, plaintiff, after first mailing a demand for compliance to EGYB and its counsel within a fifteen (15) day right to cure any compliance failure, may move this court for a receiver. Should the court determine there has been non-compliance, [sic] EGYB, by execution of this stipulation, agrees that the court may consider non-compliance [sic] as the sole basis for the immnediate [sic] appointment of a receiver. [emphasis added].
First Union contended that EGYB failed to comply with the terms of the stipulation. It then sent EGYB a demand letter ordering that EGYB comply within 15 days. On the same date, First Union sent EGYB another demand letter pursuant to Florida Statutes, section 697.07 (1991)[1] requiring EGYB to relinquish all rents generated from the marina. Thereafter, First Union filed a motion for the appointment of a receiver pursuant to paragraph 7 of the stipulation. First Union's motion was grounded on its contention that EGYB refused to turn over excess income from the marina, blocked First Union's agents access to the property, and withheld accounting records. First Union's motion was supported by an affidavit of its counsel, James S. Grodin. Grodin's affidavit stated in pertinent part:
2. EGYB has not forwarded to me any excess income over and above approved expenses, from the date of the Joint Stipulation to present, as required under Paragraph No. 2 thereof.
3. EGYB has not forwarded a written accounting to me of all collections and deposits of income for the preceding month, nor copies of invoices or other satisfactory evidence of payment of pre-approved or otherwise approved expenses, nor has EGYB delivered copies of any bank statements.
The trial court held a hearing on First Union's motion. Without accepting evidence regarding noncompliance as required under paragraph 7 of the stipulation, the court ruled in favor of First Union. When asked by counsel for EGYB if it was proper for the court to grant the motion for appointment of a receiver without the court hearing all the facts, the court responded:
I don't need to. I've looked at the pleadings. I've looked at the stipulations. I've looked at the contract, the mortgage, and it all says is that they are entitled to appointment of the receiver.
It is well settled that a stipulation entered into between parties in good faith and without fraud, misrepresentation or mistake is binding on the parties and on the court. See Gunn Plumbing, Inc. v. Dania Bank, 252 So.2d 1 (Fla. 1971); Dorson v. Dorson, 393 So.2d 632 (Fla. 4th DCA 1981); Groover v. Groover, 383 So.2d 280 (Fla. 5th DCA 1980). The Florida Supreme Court has commented on the value stipulations bring to the legal system:
This Court is committed to the rule that it not only approves but favors stipulations and agreements on the part of litigants and counsel designed to simplify, shorten or settle litigation and save costs to the parties, and the time of the Court, and when such stipulations or agreements are entered into between parties litigant or their counsel, the same should be enforced by the court, unless good cause is shown to the contrary.
Dunscombe v. Smith, 139 Fla. 497, 190 So. 796, 799 (1939). Unless grounds for rescission or withdrawal are shown, the trial court is bound to strictly enforce the agreement between the parties. Esch v. Forster, 123 Fla. 905, 168 So. 229, 231 (1936). See also Welch v. Gray Moss Bondholders Corp., 128 Fla. 722, 175 So. 529, 536 (1937); Spitzer v. Bartlett Bros. Roofing, 437 So.2d 758, 760 (Fla. 1st DCA 1983) (parties' stipulations "are normally binding on the deputy, and a finding by the deputy that is at variance with a stipulation will ordinarily be overturned." (citations omitted)).
*1218 Applying these principles to the present case, we hold the trial court improperly granted First Union's motion for the appointment of a receiver. On the day before the court was to hear the first motion for the appointment of a receiver, the parties voluntarily[2] entered into a stipulation and agreed that:

Should the court determine there has been non-compliance, [sic] EGYB, by execution of this stipulation, agrees that the court may consider non-compliance [sic] as the sole basis for the immnediate [sic] appointment of a receiver. [Emphasis added].
Thus, under the terms of the stipulation, the trial court was required to hold an evidentiary hearing to determine if EGYB had in fact failed to comply with the stipulation before a receiver could be appointed. First Union asserted that EGYB had breached the stipulation by "failing and refusing to allow First Union's representatives access to the premises; refusing to forward the excess income generated from the property to First Union's counsel; and disallowing First Union's agents access to the accounting records." However, the trial court never permitted EGYB to present evidence to the contrary. Even if First Union's accusations are true, the court's failure to allow EGYB to present testimony and other evidence on the matter was error.
REVERSED and REMANDED.
DAUKSCH and PETERSON, JJ., concur.
NOTES
[1] Section 697.07, Florida Statutes (1991) states in relevant part:

A mortgage may provide for an assignment of rents. If such assignment is made, such assignment shall be absolute upon the mortgagor's default, becoming operative upon written demand made by the mortgagee.
[2] No evidence was presented alleging that either party entered into the stipulation as a result of fraud or duress. After hours of negotiations, the stipulation was signed by both parties, who were represented by counsel.