PER CURIAM.
Appellant, Brian Bevan, challenges the orders of the trial court granting the petitions for injunction for protection against repeat violence that were filed by appellee, Joel Wolfson, and by appellee, Ursula Wolfson. See § 784.046, Fla.Stat. (1991). We dismiss the appeal as moot.
Both injunctions expired on December 15, 1993, and thus are no longer in effect. The Florida Supreme Court has held that:
An issue is moot when the controversy has been so fully resolved that a judicial determination can have no actual effect. A case is “moot” when it presents no actual controversy or when the issues have ceased to exist. A moot case will generally be dismissed.
Godwin v. State, 593 So.2d 211, 212 (Fla.1992) (citations omitted).
The court did recognize three “instances in which an otherwise moot case will not be dismissed.” 593 So.2d at 212. The first instance occurs when the questions raised are of great public importance; the second occurs when the issues are likely to recur; and the third involves a situation where “collateral legal consequences that affect the rights of a party flow from the issue to be determined.” 593 So.2d at 212.
After reviewing the record, as well as appellant’s response to our order to show cause, we have determined that none of the three exceptions are applicable in this case.
Accordingly, the appeal is hereby dismissed.
CAMPBELL, A.C.J., and PARKER and LAZZARA, JJ., concur.