ON EMERGENCY MOTION FOR RELIEF FROM INJUNCTION

HARRIS, Judge.
Operation Rescue National (respondent below) has filed an emergency motion for relief from an injunction pending appeal. Its contention is that the injunction was improperly issued without notice and without an opportunity to be heard at the appropriate time— both in violation of respondent’s constitutional right to due process. See Armstrong v. Manzo, 380 U.S. 545, 85 S.Ct. 1187, 14 L.Ed.2d 62 (1965) (many controversies have raged about the cryptic and abstract words of the Due Process Clause but there can be no doubt that at a minimum they require that deprivation of life, liberty or property by adjudication be preceded by notice and opportunity for hearing appropriate to the nature of the case). Thus, the issue before us has nothing to do with abortion rights or wrongs; it has everything to do with one’s right to due process of law.
This issue, however, is complicated by a mootness claim. The injunction (or injunctions, depending on whether the new order amending the original injunction and granting an injunction “relates back” to the original injunction or is a new and separate injunction) entered herein has, by its terms, expired.[1] But the mootness issue is itself complicated by the fact that persons were arrested under the original injunction issued without notice and before the noticed hearing.
*450 It seems apparent from examining the petition for temporary injunctive relief that it fails to comply with the requirements of Rule 1.610(a), Florida Rules of Civil Procedure, to qualify for .an injunction without notice. Nothing is contained in the petition which sufficiently alleges that immediate and irreparable harm would result if notice and an opportunity to be heard were afforded. Nor did the Petitioner’s attorney certify her efforts to give notice or set out reasons why notice should not be given prior to consideration of the petition. Instead, the City “certified” that it hand delivered a copy of the petition to respondent on May 31 — three days after the original injunction was entered. Further, the court’s original injunction does not meet the requirements of Rule 1.610(a)(2) in that it does not state findings why the injury may be irreparable or give reasons why the injunction was entered without notice. In short, the original injunction appears to be unconstitutional for failing to provide due process to respondent (or showing that it met a recognized exception to the notice requirement) and further appears invalid under Rule 1.610(a) for failure to comply therewith.[2]
After the original injunction was entered, respondent had two options. It could appeal the granting of the temporary injunction as being violative of the constitution and the rule. This option would have left the injunction standing for several months. Its second option was to move to dissolve the injunction. This is the option selected. But when this option is selected, “notice becomes irrelevant because the defendant is present, and the burden would be on the plaintiff to show that the complaint and supporting affidavits are sufficient to support the injunction.” State v. Beeler, 530 So.2d 932, 934 (Fla.1988).[3]
Thus, when respondent objected to the court’s injunction without notice and moved to dissolve or vacate the injunction, a hearing was scheduled on its motion before a different judge. Instead of confining himself to the issue of whether the original injunction was properly entered, the judge proceeded to enter an “Order Amending and Granting Petition for Temporary Injunction and Order Denying Operation Rescue’s Motion to Dissolve.” In other words, the second judge not only upheld the validity of the unnoticed initial injunction but also proceeded to amend the original injunction to cure its defects. He did so by making findings of irreparable injury which the original judge had failed to consider. Further, in an abundance of caution, he regranted an injunction as though the matter was before him for the first time, all without notice that an amendment to the injunction would be considered or that an original hearing on the petition would be conducted. See Herman v. Herman, 565 So.2d 835 (Fla. 3d DCA 1990) (fundamental concepts of due process should have precluded trial court from entertaining wife’s ore tenus motion for modification of final judgment of dissolution; wife had filed no pleading).
*451 Thus, there is a question as to whether either injunction is valid — the first because it was entered without notice and without compliance with Rule 1.610’s requirements for a no-notice injunction, the second because it was entered at a hearing noticed only for considering dissolving the original injunction because of its invalidity as an unnoticed injunction under the allegations of the petition and its supporting affidavits and the requirements of law, and without notice that the court would expand the hearing to consider amending the original injunction to bring it into compliance with the rule or to conduct a new hearing on the City’s petition.
But the injunction has expired by its own terms. Whether the original injunction entered without notice and without an opportunity to be heard justified the arrest of protesters is not properly before us at this time. Nor is the question of whether, assuming its validity, the amended injunction entered after notice and an opportunity to be heard was granted somehow breathes validity into the original invalid injunction so that those arrested before the appropriate hearing was held can no longer complain about being arrested under an injunction invalid at the time 6f arrest. These issues may indeed surface again (perhaps when a conviction is appealed) but they will then be properly briefed and argued.
The emergency motion for relief is denied because of mootness..
W. SHARP and PETERSON, JJ., concur.

. Paragraph 14 of the June 4, 1998 order provides that the "terms and conditions enumerated herein shall be in full force and effect until midnight, June 7, 1998.”

. Our supreme court in State v. Beeler, 530 So.2d 932, 933-34 (Fla.1988), stated the law and the policy related to temporary injunctions without notice:
A temporary injunction without notice is an extraordinary remedy and should be granted sparingly. (Citations omitted.) The allegations verified by the presenter must be strong and clear, and the trial judge should raise in his or her own mind all possible responses a defendant could raise if present. Because the incursion upon precious due process rights is facilitated by issuance of ex parte orders, trial courts should issue them only where an immediate threat of irreparable injury "which forecloses opportunity to give reasonable notice" exists.
There may be a risk, perhaps evidenced by this case, that because of the reputation of the respondent, judges do not always closely scrutinize the pleadings or the proffered proof in determining whether an ex parte order is appropriate.

. This statement indicates that if at a subsequent hearing the evidence justifies the injunction, then the motion to dissolve the unnoticed injunction, even if improperly entered, should be denied. Perhaps this is based on some "no harm, no foul” analysis. But if the original unnoticed injunction is given force and effect from its initial entry (a retroactive application of the noticed hearing) then new constitutional issues, particularly with respect to persons arrested pursuant to the unnoticed injunction, may well present themselves. Further, this liberal approach to curing an unconstitutional violation of due process rights does little to discourage a cavalier approach to temporaiy injunctions without notice by preventing respondents from challenging procedural improprieties involving the initial injunction.