SHEVIN, J.
We reverse the order under review as it is premised on an erroneous finding that the former wife was guilty of contempt for violating the visitation order. As stated by the trial court in the contempt order itself, the former wife did nothing. It was the former wife’s mother who engaged in the objectionable behavior — at no urging or direction from the former wife. The former wife was at work when the incident occurred. As a result, the former wife, impermissibly, is being held in contempt in the absence of any record evidence that she had the intent necessary to support the contempt order. See Wells v. State, 654 So.2d 146 (Fla. 3d DCA 1995)(intent essential element of contempt). “For a person to be held in contempt of a court order, ... the behavior of the person must clearly violate the order.” Paul v. Johnson, 604 So.2d 883, 884 (Fla. 5th DCA 1992)(emphasis added). In this case, the record demonstrates that the former wife was held in contempt for behavior in which she did not engage.
Section 61.13(4)(c), Florida Statutes (1997), provides alternative sanctions that a court may adopt when “a custodial parent refuses to honor a noncustodial parent’s” visitation rights. (Emphasis added). As stated above, there is no evidence that the former wife, the custodial parent, refused to honor the father’s visitation. Even absent a contempt finding, there is no basis under the statute for a change in custody. See Cummings v. Cummings, 723 So.2d 898 (Fla. 4th DCA 1998). That being the case, the trial court abused its discretion in changing custody, under section 61.13(4)(c)(5), for alleged noncompliance by the former wife.
Accordingly, we reverse the order on appeal and remand the cause with instructions to reinstate the custody arrangement set forth in the final dissolution judgment.
Reversed and remanded.