SHEVIN, Judge.
Pamela Sheldon, former wife, appeals an order finding her in contempt and imposing a $5000 fíne. We reverse.
The parties were divorced in 1996. The parties have two minor children. On October 15, 1998, the trial court entered a post-dissolution judgment order directing family therapy, and incorporating the report of psychotherapist Dr. Phillip Boswell. Dr. Boswell’s report recommended that Dana Sheldon, the former husband and father, attend joint counseling with the children; the former wife was directed to pursue individual counseling. Dr. Boswell’s report also provided that “When both the father/children’s and mother’s psychotherapist feel that this can be done in a genuine and emotionally convincing fashion, a joint family therapy session should be held.... ” (Emphasis added).
The former husband and the children began joint counseling with Dr. Wunder-man. This counseling was not proceeding successfully. In an attempt to break the “relative stalemate” in this process, Letter from Dr. Wunderman to counsel of December 28, 1998, at 1, Dr. Wunderman began to insist that the former wife join the group for counseling. The former wife did not feel that this action, was in her best interest. Moreover, the former wife felt threatened by Dr. Wunderman’s “overly-confrontational tone,” and she declined to join in the therapy. Letter from Dr. Wun-derman to counsel of January 19, 1999, at 3.
Relying on the former wife’s failure to accede to Dr. Wunderman’s requests, the former husband filed a motion for contempt and sanctions. against the former wife. The court granted the motion and entered an order finding that “Dr. Wun-derman was in the best position to determine the method and manner of appropriate therapy.” The former wife appeals.
The order finding the former wife in contempt must be reversed because her actions do not amount to a willful or wanton violation of a court order. See Keitel v. Keitel, 716 So.2d 842 (Fla. 4th DCA 1998). The October 1998 order did not direct the former wife to participate in joint therapy at Dr. Wunderman’s discretion. Instead, the order directed that the father and children undergo therapy, with the mother joining them upon agreement of the mother’s therapist and the father/children’s therapist that this was the best course of treatment. The order on appeal is the first place where the court finds that the whole family should undergo therapy as a group. The former wife cannot be found in contempt on that date for failure to follow that order. “For a person to be held in contempt of a court order, ... the behavior of the person must clearly violate the order.” Curry v. Robbins, 744 So.2d 527, 528 (Fla. 3d DCA 1999) (quoting Paul v. Johnson, 604 So.2d 883, 884 (Fla. 5th DCA 1992)). The former wife’s behavior, as described in the motion for contempt does not violate any court order entered before that motion.
Based on the foregoing we reverse the contempt order and remand for further proceedings.
Reversed and remanded.