GERSTEN, J.
Miriam Levy (“former wife”) appeals an order finding her in contempt of court for violating a settlement agreement regarding the parties’ children. We affirm.
A person can be held in contempt of court for violating an order when the *1212 language of the order is clear and precise and the behavior of the person clearly violates that order. Paul v. Johnson, 604 So.2d 883 (Fla. 5th DCA 1992). The settlement agreement provides that each parent shall encourage and foster the maximum relations, love and affection between the minor children and the other parent; shall not obstruct or interfere with the other parents right to companionship with the minor children; and shall discuss and work together in an effort to reach a joint decision on all major decisions involving the children. Here, the former wife’s actions clearly violated the settlement agreement.
The former husband and former wife are involved in a particularly acrimonious divorce. Despite the parties negative feelings towards each other, as a parent they have an affirmative obligation to encourage and nurture the relationship between their children and the other parent. See Schutz v. Schutz, 581 So.2d 1290 (Fla.1991). This obligation includes encouraging the children to interact with the other parent; taking good faith measures to ensure the children visit and have frequent and continuing contact with the noncustodial parent; and refraining from doing anything likely to undermine the relationship naturally fostered by such interaction. Schutz, 581 So.2d at 1292.
Dissolution proceedings are painful to all parties involved especially minor children. However, facilitating and encouraging positive relationships with the other parent can help ease the children’s transition to a single parent home. We affirm the trial court’s order finding the former wife in contempt of court.
Affirmed.