WALLACE, Judge.
Joyce Kwiecinski appeals an order adjudicating her in civil contempt of court and committing her to the Pasco County jail. We affirm.
Kwiecinski, a resident of New York state, disputed the fee charged by her Florida attorney and filed suit in the circuit court for Pasco County. The attorney, John K. Renke, II, counterclaimed for unpaid fees, defeated Kwiecinski’s claim, and won a money judgment. Without posting a supersedeas bond, Kwiecinski appealed the judgment in case number 2D03-3052, which this court affirmed. Kwiecinski v. Renke, 875 So.2d 612 (Fla. 2d DCA 2004) (table decision).
While case number 2D03-3052 was pending, Renke sought to enforce execution of the judgment. Kwiecinski’s failure to comply with Renke’s discovery requests in aid of execution resulted in, among other things, an order dated September 12, 2003, sanctioning Kwiecinski (the sanctions order) and the contempt order that is the subject of this appeal. Athough not personally present, Kwiecinski was represented by counsel at the hearing on Renke’s motion for contempt, which was not reported.
After careful review of the record and the parties’ arguments, we conclude that Kwiecinski’s challenges to the contempt order are without merit. Kwiecinski has not shown that she was denied due process or that the circuit court acted beyond its jurisdiction or authority. Further, in the absence of a transcript of the hearing on the motion for contempt, Kwiecinski has not furnished a record demonstrating a basis to reverse the circuit court’s finding that she willfully disobeyed the court’s order. See Acosta v. Creative Group Invs., Inc., 756 So.2d 193 (Fla. 3d DCA 2000). Therefore, we affirm the contempt order with the following observations.
*2 According to the purge provision of the contempt order, Kwiecinski could obtain release from jail or avoid incarceration “by the simple act of complying with the entirely reasonable duly entered [sanctions order].” The sanctions order, in turn, required Kwiecinski to comply with Renke’s discovery requests or to.post a supersede-as bond in the amount of the final judgment, plus interest, in case number 2D03-3052. During the pendency of this appeal, case number 2D03-3052 became final and the mandate issued affirming the final judgment. Thus the time has passed for the posting of a supersedeas bond to stay execution of the judgment in that case. Therefore, any provision in the contempt order requiring Kwiecinski to post a su-persedeas bond as a means of purging contempt is now unenforceable as moot. By the terms of the contempt order that remain enforceable, Kwiecinski may purge herself of contempt if she (1) complies .with Renke’s discovery requests as directed by the sanctions order and (2) serves and files an affidavit of compliance as directed by the sanctions order.
Affirmed.
NORTHCUTT and STRINGER, JJ., Concur.