896 So.2d 795 (2005)
Larry L. EICOFF and Charmaine D. Eicoff, Appellants,
v.
DONALD N. DENSON and L. EDWARD McCLELLAN, Jr., Appellees.
Nos. 5D03-655, 5D03-656.
District Court of Appeal of Florida, Fifth District.
February 4, 2005.
Rehearing Denied March 30, 2005.
*796 Christopher V. Carlyle, Shannon McLin Carlyle and Gilbert S. Goshorn, Jr., of The Carlyle Appellate Law Firm, The Villages, for Appellants.
L. Edward McClellan, Jr. of McClellan & Batsel, P.A., Ocala, for Appellees.
THOMPSON, J.
Larry and Charmaine Eicoff appeal a final judgment ordering the Eicoffs to comply with the restrictive covenants and deed restrictions applicable to their real property.
The Eicoffs purchased their property, which they call "pristine" in their brief, from Donald Denson and Edward McClellan, who owned abutting properties. Before the sale, the parties agreed to deed restrictions and restrictive covenants. The Eicoffs began violating the restrictions during the construction of their home, and McClellan and Denson petitioned for an injunction requiring the Eicoffs to refrain from any further violations. The trial court entered a temporary injunction against the Eicoffs finding numerous violations:
The Defendants have and are continuing to violate the Deed Restrictions and Restrictive Covenants including paragraphs 1, 2, 3, 5, 6, 10, 11, 12, 13, 14, and 16 thereof, and the Court finds as follows:
a) The Defendants have wrongfully removed without permission trees with a diameter greater than twenty-four (24) inches at waist high.
b) The Defendants have wrongfully removed and pruned trees and other living growth within the buffer zones against the express admonition of the Plaintiffs and in violation of the Deed Restrictions and Restrictive Covenants.
c) The Defendants failed to get the Plaintiff's approval as to the location, design and materials for the structures on the property.

*797 d) Additions and other buildings do not match the original construction.
e) The Defendants have located a modular structure on the property.
f) Temporary buildings remained after the construction of the residence.
g) The driveway has been damaged in construction and not repaired.
h) Signs have been erected in violation of paragraph 10 of the Deed Restriction and Restrictive Covenants.
i) Structures on the property violate the set-back requirements.
j) Fence gates have never been painted.
k) Cars, trailers, trucks, tractor, tractor implements, four wheelers and motor homes have not been kept in enclosed structures. The property has been littered with junk and other debris.
* * *
The Defendants until further Order of the Court are Ordered to cease and desist from making any further changes on the property, including, but not limited to planting vegetation, pruning of trees or other vegetation, tree removal, driveway construction, digging, excavating, clearing and/or causing to be erected or constructed any structure.... The only activity that the Defendants are permitted to do on the property is mow the newly sodded grass immediately contiguous to their residence and the grass between the residence and the pond and Denson's residence.
(emphasis supplied).
At a subsequent hearing, the parties agreed that the injunction would remain in effect until they agreed to a landscaping plan. The Eicoffs produced a landscaping plan, but before McClellan and Denson approved it, the Eicoffs began planting over 60 trees and shrubs that were included in the yet-to-be approved plan. In response, McClellan and Denson filed a motion asking the court to sanction the Eicoffs for violating the injunction by planting the trees and shrubs before McClellan and Denson approved the landscaping plan. The trial court entered an order of civil contempt and ordered that the trees and shrubs be removed. Mr. Eicoff was remanded to the custody of the sheriff's department until the trees and shrubs were removed, debris in the buffer zone was removed, and all vehicles were enclosed, or until a signed settlement agreement was entered.
Mr. Eicoff was released from custody after the parties entered an agreement referred to as "the stipulation." The stipulation provided that the Eicoffs would pay an architect to create a landscaping plan and that the cost of the landscaping would not exceed $30,000. Also, the parties agreed that the Eicoffs would pay McClellan and Denson up to $50,000 for their attorney's fees. The architect hired by the Eicoffs created a landscaping plan which could be implemented for under $30,000. One of the main objectives of the stipulation was to "soften the view" of the Eicoffs' driveway, but the Eicoffs objected to the portion of the landscaping plan providing for the demolition and relocation of part of their driveway. They unsuccessfully moved the trial court to rule that the stipulation did not contemplate the demolition and relocation of the driveway.
A month before the final hearing, Denson and McClellan filed a motion for sanctions, alleging the Eicoffs had committed more violations of the restrictive covenants.[1] After a hearing, the trial court *798 entered a final judgment ordering the Eicoffs to comply with the restrictive covenants and setback and maintenance agreements. It also ordered the Eicoffs to pay Denson and McClellan attorney's fees in the amount of $53,666.25.
The Eicoffs first argue that the trial court erred in entering the temporary injunction, although they concede that the injunction terminated when the final judgment was entered. Because the temporary injunction expired, this issue and the issues raised concerning terms of the injunction are moot. See Operation Rescue Nat'l. v. City of Orlando, 712 So.2d 449 (Fla. 5th DCA 1998) (question whether injunction, as originally issued, failed to comply with requirements for issuance of injunction without notice was moot because injunction had expired).
Next, the Eicoffs contend that the trial court erred in issuing the contempt order. Because there is no transcript of the contempt proceedings, we must presume that the trial court's order was correct. See Acosta v. Creative Group Investments, Inc., 756 So.2d 193, 195 (Fla. 3d DCA 2000); Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150 (Fla.1979).
The Eicoffs also argue that the trial court erred in denying their motion to construe the stipulation. They contend that the stipulation did not contemplate a landscaping plan that would include relocating part of the driveway. The stipulation stated:
This plan shall deal specifically with methods of softening the view of the Defendant's driveway as seen from the access easement running to the public road, by installation of landscaping islands or other means." (emphasis supplied).
The Eicoffs argue that application of the principle of ejusdem generis leads to the conclusion that the term "other means" in the stipulation does not include the relocation of part of the driveway. Ejusdem generis, which means "of the same kind" is a maxim providing that "where an enumeration of specific things is followed by some more general word, the general word will usually be construed to refer to things of the same kind or species as those specifically enumerated." Jacobo v. Board of Trustees of Miami Police, 788 So.2d 362, 364 (Fla. 3d DCA 2001). In other words, when a general term, like "other means," follows a list of more specific items, the general term is construed to refer to items similar to the specific items listed. The Eicoffs argue that the term "landscaping" refers only to the natural features of a property and that if one applies the principle of ejusdem generis, the term "other means" in the stipulation can only mean using natural features to soften the view of the driveway.
We tend to doubt that the principle of ejusdem generis is particularly helpful in this context because there is no list of items in the stipulation. Instead, in the stipulation, the Eicoffs agreed to employ a landscape architect who was to create a plan that addressed softening the view of the driveway by "installation of landscaping islands or other means." We note that the installation of landscaping islands does not involve merely moving plants and trees from one place to another. Furthermore, what the stipulation contemplated was that the Eicoffs would hire an architect to create a landscaping plan which would cost no more than $30,000 and that the Eicoffs would implement the plan. Even if the parties did not have in mind relocating the driveway when they drafted the stipulation, they had in mind the Eicoffs' implementation of the architect's plan, and the Eicoffs are therefore bound by it, just as *799 an insurer and an insured would be bound if they disputed the value of covered items and submitted the issue to appraisers. Compare Scottsdale Ins. Co. v. Desalvo, 666 So.2d 944 (Fla. 1st DCA 1995).
Next, in connection with the relocation of their driveway, the Eicoffs contend that the trial court should have granted their motion for a stay pending this appeal. A trial court has broad discretion to grant or deny a motion to stay a case pending before it. Verlingo v. Telsey, 801 So.2d 1009, 1010 (Fla. 4th DCA 2001). We cannot say that the trial court abused its discretion where the parties had been involved in proceedings for almost three years regarding numerous violations of the parties' agreements.
We find no merit in the Eicoffs' remaining arguments, except that we must agree that the trial court erred in awarding attorneys' fees in the amount of $53,666.23 when the stipulation capped the Eicoffs' responsibility for attorneys' fees at $50,000. A stipulation entered between parties in good faith and without fraud, misrepresentation, or mistake is binding on the parties and on the court. EGYB, Inc. v. First Union Nat'l Bank of Florida, 630 So.2d 1216, 1217 (Fla. 5th DCA 1994).
This Court is committed to the rule that it not only approves but favors stipulations and agreements on the part of litigants and counsel designed to simplify, shorten or settle litigation and save costs to the parties, and the time of the Court, and when such stipulations or agreements are entered into between parties litigant or their counsel, the same should be enforced by the court, unless good cause is shown to the contrary.
Id. Because the stipulation capped the Eicoff's liability for attorney's fees at $50,000, it was improper for the trial court to award an amount that exceeded $50,000.
Accordingly, we affirm the final judgment, but reverse the order awarding attorney's fees and remand for an award of fees as provided for in the agreement.
AFFIRMED in part; REVERSED in part; and REMANDED.
PETERSON and ORFINGER, JJ., concur.
NOTES
[1] Denson and McClellan alleged: the Eicoffs failed to fully implement the landscaping plan; the Eicoffs failed to irrigate and maintain the landscaping materials; the Eicoffs failed to maintain the buffer zone; the Eicoffs failed to mow certain areas; and the Eicoffs failed to enclose the tractor and accessories.