12 So.3d 1276 (2009)
KY McATEER INSURANCE AGENCY, INC., Appellant,
v.
Stephen N. D'AMICO, et al., Appellee.
No. 5D08-2400.
District Court of Appeal of Florida, Fifth District.
July 17, 2009.
H. Clay Parker, of Parker & Associates, P.A., Altamonte Springs, for Appellant.
Edward P. Jordan, II, of Edward P. Jordan, II, P.A., Minneola, for Appellee.
PER CURIAM.
AFFIRMED. See Paul v. Johnson, 604 So.2d 883 (Fla. 5th DCA 1992).
SAWAYA, J., and COBB, W., Senior Judge, concur.
COHEN, J., concurs specially with opinion.
COHEN, J., concurring.
This appeal is from an order finding Stephen D'Amico, D'Amico & Associates, Inc., (hereinafter collectively referred to as "D'Amico") and Cindy Neuschwanger not guilty of indirect criminal contempt and indirect civil contempt. The underlying dispute involved a non-compete agreement which prohibited D'Amico and Neuschwanger *1277 from soliciting or selling insurance and financial products within a twenty-five mile radius of the Ky McAteer Insurance Agency, located in Clermont, Florida.[1] After the parties had entered into a settlement agreement, Ky McAteer successfully sought an order enforcing that agreement which required payment of certain sums and enjoined and prohibited D'Amico and Neuschwanger from engaging in the sale of insurance and financial products. That order was ultimately incorporated into a final judgment.
Subsequently, Ky McAteer filed a motion for contempt of court alleging D'Amico and Neuschwanger violated the order and judgment by engaging in the sale of insurance and financial products through a series of specified acts. The motion concluded, "Such conduct has resulted in Defendants selling a majority of their insurance products to customers residing well within the twenty-five (25) mile restriction." A hearing was held on the motion for contempt over the course of two days. Because we have no transcript of those proceedings, the nature of our review is limited.
The majority opinion correctly cites Paul v. Johnson, 604 So.2d 883 (Fla. 5th DCA 1992), for the proposition that holding a person in contempt of a court order requires the language of the order to be clear and precise and the behavior of the person must clearly violate the order. The trial court found the phrase "engaging in the sale of insurance and financial products" to be ambiguous. However, the order adjudicating D'Amico and Neuschwanger not guilty of contempt went beyond any perceived ambiguity and addressed the merits of the claim. It found no proof that D'Amico and Neuschwanger accepted applications for insurance (or, presumably, for other financial products), from within the prohibited area. Because we have not been provided with a transcript of the hearing, the trial court's order is presumed to be correct. See Eicoff v. Denson, 896 So.2d 795, 798 (Fla. 5th DCA 2005).
NOTES
[1] The prohibition was for a period of two years.