EVANDER, J.,
concurring specially.
The mother appeals from an order granting the father’s supplemental petition for modification. The order had the effect of transferring majority timesharing with the parties’ minor child to the father. Because there was substantial competent evidence to support the trial court’s decision, I agree that an affirmance is required. I write only to address the trial court’s decision to permit the parties’ sixteen-year-old child to remain in the courtroom during the testimony of the mother and the court-appointed psychologist.
In overruling the mother’s objection to the presence of the child in the courtroom, the trial judge stated: “Once he’s been released as a witness, he’s a member of the public just like anybody else.” The trial judge’s decision was in contravention of Florida Rule of Family Procedure 12.407.[1] That rule prohibits the attendance of the minor child at a hearing unless there has been a showing of good cause. While there may have been good cause to permit this minor child to testify, the record is devoid of a justifiable reason to have the child hear the testimony of his mother and the court-appointed psychologist in this exceedingly contentious trial.
*935 It is also noteworthy that Florida courts have recognized that, except in extreme circumstances, a parent has the obligation to encourage a positive relationship between the minor child and the other parent. See Schutz v. Schutz, 581 So.2d 1290 (Fla.1991); Marcus v. Marcus, 902 So.2d 259 (Fla. 4th DCA 2005); Levy v. Levy, 861 So.2d 1211 (Fla. 3d DCA 2003); see also § 61.13(3)(a), Fla. Stat. (2010) (demonstrated capacity and disposition of parent to facilitate and encourage close and continuing parent-child relationship is factor for court to consider in determination of time-sharing schedule). Yet, in this case, the mother was compelled to give testimony in the presence of her minor child — even where her testimony included allegations of severe misconduct by the father. I would suggest that in disputed family law cases, it would be a rare situation in which it would be appropriate to permit a minor child (who has the mental capacity to understand common speech) to be present during the testimony of one of the child’s parents.

. No minor child shall be deposed or brought to a deposition, brought to court to appear as a witness or to attend a hearing, or subpoenaed to appear at a hearing without prior order of the court based on good cause shown unless in an emergency situation. This provision shall not apply to uncontested adoption proceedings.
Fla. Fam. L.R.P. 12.407.