DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**BARBARA MOLINA**,
Appellant,

v.

**JOSEPH RICHARD VALENZUELA**,
Appellee.

No. 4D17-2379

[May 16, 2018]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Howard K. Coates, Jr., Judge; L.T. Case No. 502017DR006327XXXXSB.

William M. Layton of Harvey Waddell & Layton, Lake Worth, for appellant.

No appearance required for appellee.

*ON RESPONSE TO ORDER TO SHOW CAUSE*

KUNTZ, J.

Joseph Richard Valenzuela filed a petition in the circuit court seeking an injunction for protection against stalking and asked the court to prevent Barbara Molina from "coming to my home or talking to me!" The court denied a request for a temporary injunction and set the petition for an evidentiary hearing. After a brief but thorough hearing, the court issued a final judgment of injunction for protection against stalking, granting Valenzuela's petition and ordering Molina not to go or be within five feet of Valenzuela's house or place of employment; be within one hundred feet of his vehicle; or have any contact with him. The injunction expressly stated it was in effect until December 29, 2017.

Molina appeals the court's final judgment. But, because the injunction expired by its own terms, we issued an order to show cause requiring Molina to state why this appeal is not moot. Molina responded, stating that she requests a ruling on the appropriateness of the court's actions

and so the public records reflect that none of her actions violated Florida law.

The mootness scenario presented here is like that discussed in *Bevan v. Wolfson*, 638 So. 2d 527 (Fla. 2d DCA 1994). In *Bevan*, the circuit court issued two injunctions for protection against repeat violence. *Id.* at 527. Both injunctions expired and were no longer in effect, leading the court to issue an order to show cause on mootness. *Id.*

The court explained that there are three exceptions to the mootness rule: (i) questions of great public importance; (ii) when issues are likely to recur; and (iii) where collateral legal consequences affecting the rights of a party flow from the issue in the case. *Id.* (citing *Godwin v. State*, 593 So. 2d 211, 212 (Fla. 1992)). The *Bevan* court found that none of the three exceptions applied and that the appeal should be dismissed. *Id.* As the *Bevan* court did, we also find that none of the three exceptions apply to this case. *See also Operation Rescue Nat'l v. City of Orlando*, 712 So. 2d 449, 451 (Fla. 5th DCA 1998).

Finally, although Molina does not raise the issue, to prevent confusion we note that the third mootness exception applies when the injunction is for the protection against domestic violence. *E.g.*, *Rodman v. Rodman*, 48 So. 3d 1022, 1022 (Fla. 1st DCA 2010). Collateral consequences that flow from an injunction for the protection against domestic violence prevent application of the mootness doctrine. One such collateral consequence is a potential prohibition on owning a firearm. *Boyles v. Tiefenthaler*, 810 So. 2d 1041 (Fla. 2d DCA 2002) ("Although the six-month injunction has expired by its own terms, this case is not moot because the issuance of the injunction prevents Boyles from carrying a gun under federal law and thus affects her career in law enforcement."). But the injunction at issue is not an injunction for protection against domestic violence and, regardless, Molina does not argue that there may be collateral consequences relating to her ability to possess a firearm, or any other collateral consequences.

The injunction appealed expired by its own terms. Thus, the appeal is dismissed as moot.

*Dismissed as moot.*

TAYLOR and MAY, JJ., concur.

*        *        *

**Not final until disposition of timely filed motion for rehearing.**