910 So.2d 397 (2005)
James Peter POLITZ, Appellant,
v.
Wendy Salkin BOOTH, Appellee.
No. 4D04-1199.
District Court of Appeal of Florida, Fourth District.
September 21, 2005.
Russell J. Williams, Fort Lauderdale, for appellant.
Nancy Little Hoffmann of Nancy Little Hoffmann, P.A., Pompano Beach, and Lawrence A. France of Lawrence A. France, P.A., North Miami Beach, for appellee.
*398 POLEN, J.
Appellant James Politz appeals a final order finding him guilty of civil contempt and a final order denying his motion to vacate the final civil contempt order. This case arises out of a permanent injunction against dating violence entered against Politz on July 30, 2003. Politz and Appellee, Wendy Booth were involved in a dating relationship before the imposition of the injunction. On September 18, 2003, Booth filed a pro se motion for civil contempt/enforcement, alleging that Politz had violated the permanent injunction. On October 14, 2003, the trial court found Politz guilty of civil contempt, ordered him to comply with the permanent injunction, and imposed a $500 fine, payable within 30 days. We reverse the trial court's imposition of the $500 fine, finding that it was not coercive or compensatory in nature, and affirm the remainder of the trial court's order without further discussion.
While the purpose of a criminal contempt fine is to punish, fines for civil contempt are considered coercive or compensatory. Parisi v. Broward County, 769 So.2d 359, 363 (Fla.2000). Civil contempt fines are levied to coerce the violator into complying with the terms of the injunction. Gregory v. Rice, 727 So.2d 251, 254 (Fla. 1999). To be a valid civil contempt fine, the order imposing the fine must include a purge provision. Id. A purge provision allows the fine to be avoided or reduced if the violator complies with the injunction. When imposing coercive fines, "the court must consider the financial resources of the contemnor in setting the amount of the fine." Parisi, 769 So.2d at 366.
We find that the trial court erred in imposing the $500 fine. The fine did not satisfy the coercive or compensatory requirements necessary for a valid civil contempt fine. The fine did not include a purge provision giving Politz the opportunity to avoid or reduce the fine by compliance with the injunction, and the trial court made no finding as to Politz's financial resources before levying the fine. Nor is there any indication the fine was to be paid to Booth to compensate her for some damage she incurred as a result of Politz's violation of the injunction. Therefore, we reverse the trial court's imposition of the $500 fine, and affirm the remainder of the trial court's order.
STEVENSON, C.J., and CROW, DAVID F., Associate Judge, concur.