930 So.2d 842 (2006)
BOBY EXPRESS CO., et al., Petitioners,
v.
Michele GUERIN, et al., Respondents.
No. 3D05-2922.
District Court of Appeal of Florida, Third District.
June 14, 2006.
*843 Larry R. Fleurantin & Assoc., North Miami Beach, and Raynold Fleurantin, for petitioners.
Weiss, Handler, Angelos & Cornwell, P.A., and Carol A. Kartagener, Boca Raton, for respondents.
Before FLETCHER, RAMIREZ, and SUAREZ, JJ.
RAMIREZ, J.
Boby Express Co. and Boby Realty, Inc. petition this Court for a writ of certiorari seeking to quash a contempt order of December 9, 2005. We grant certiorari review because the court's order constitutes a departure from the essential requirements of the law, the departure results in irreparable harm to the petitioners, and the harm cannot be corrected on direct appeal.
The court ordered the petitioners, non-party witnesses in the underlying dissolution of marriage case, to appear for deposition and produce documents that were listed in a subpoena duces tecum. The court imposed a fine of one-thousand dollars against each of the petitioners for each day until the day on which the petitioners produced all of the documentation enumerated in the subpoena duces tecum.
Civil contempt orders are properly reviewed by certiorari. See Knorr v. Knorr, 751 So.2d 64 (Fla. 2d DCA 1999). The applicable standard of review is whether the challenged order (1) constitutes a departure from the essential requirements of the law; (2) causes material injury throughout the remainder of the proceedings below; and (3) causes injury that is irreparable, as it effectively leaves no adequate remedy at law. See Allstate Ins. Co. v. Langston, 655 So.2d 91 (Fla. 1995); Combs v. State, 436 So.2d 93 (Fla. 1983).
The court's order departs from the essential requirements of the law on several grounds. First, certiorari review is the only vehicle available to the petitioners to redress any trial court errors. As non-party witnesses, the petitioners are unable to seek review of the trial court's final order under rule 9.130, Florida Rules of Appellate Procedure. See Martin-Johnson, Inc. v. Savage, 509 So.2d 1097, 1099 (Fla.1987)(stating that "a non-final order for which no appeal is provided by rule 9.130 is reviewable by certiorari review").
Second, to sustain a civil contempt fine, the order imposing the fine must include a purge provision. See Politz v. Booth, 910 So.2d 397, 398 (Fla. 4th DCA 2005). Furthermore, the civil sanction imposed *844 cannot be punitive in nature because "the purpose of a criminal contempt fine is to punish, [and] fines for civil contempt are considered coercive or compensatory." See Parisi v. Broward County, 769 So.2d 359, 363 (Fla.2000). Although the order imposing a fine here includes a purge amount of one-thousand dollars a day, it is not reflective of a civil sanction. The magnitude of the sanction imposed instead represents an indirect criminal contempt fine and is thus inappropriate.
Additionally, the imposition of sanctions must have some bearing upon the harm suffered by the injured party. See South Dade Farms, Inc. v. Peters, 88 So.2d 891, 899 (Fla.1956). The court below failed to make any finding as to the respondent wife's actual loss. The court's imposition of the daily sanction amount is thus not justified. Id. See also Fredericks v. Sturgis, 598 So.2d 94, 97 (Fla. 5th DCA 1992)(stating that "[i]f compensation is intended, the fine must be based on evidence of the injured party's actual loss").
Therefore, we grant the petition for certiorari and quash the contempt order.
Certiorari granted; order of contempt quashed.