COPE, J.
 

 This is an appeal of a judgment for attorney’s fees in a matrimonial proceeding. The question is whether the trial court had the authority to enter this attorney’s fee award. We affirm.
 

 The underlying matrimonial proceeding went to trial on January 16 and 17, 2008, and both parties were present. The trial was scheduled to resume on February 29. In the interim, the husband went to Israel, taking marital assets with him. He did not return to Florida for four months.
 

 The trial court made an oral ruling that the husband would be responsible for the additional attorney’s fees of the wife’s counsel attributable to attempting to obtain the husband’s return to this jurisdiction and completing the dissolution proceedings. The husband eventually returned.
 

 After further proceedings, the husband and wife decided to settle the litigation without the assistance of their counsel and they entered into a marital settlement agreement. The agreement provided that each party would be responsible for his or her own attorney’s fees and costs.
 

 The parties presented the marital settlement agreement to the trial court. After making inquiry of the parties regarding the agreement, the court ruled that it would approve the marital settlement agreement, with one exception. The court ruled that it would assess attorney’s fees against the husband in accordance with its earlier oral pronouncement, because of the husband’s absenting himself from the jurisdiction. The court reserved jurisdiction in the final judgment for this purpose.
 

 The husband and wife both objected. They contended that since the marital settlement agreement provided for each party to bear his or her own attorney’s fees, it followed that there should be no assessment of attorney’s fees against the husband. The parties argued that an award of attorney’s fees to the wife’s counsel was for the benefit of the wife, and that the wife, by entering into the marital settlement agreement, had waived any such
 
 *58
 
 claim. The trial court overruled the objection.
 

 At a subsequent hearing the trial court took evidence pursuant to the reservation of jurisdiction. The court awarded $90,237.75 in attorney’s fees for the post-absconding legal work. The court ordered those fees to be paid by the husband to the law firm. The husband and wife have appealed.
 
 [1]
 

 The husband and wife rely on cases which hold that a trial court cannot remake a marital settlement agreement simply because the court believes that one of the parties has made a bad bargain.
 
 See Williams v. Williams,
 
 939 So.2d 1154, 1157 (Fla. 2d DCA 2006);
 
 Petracca v. Petracca,
 
 706 So.2d 904, 911 (Fla. 4th DCA 1998).
 

 This case is unlike the ones the parties rely on. In this case the husband absconded in midtrial, taking with him some of the marital assets, and was gone for four months. This was most definitely sanctionable behavior, and the trial court ordered that the husband would be sanctioned in the form of attorney’s fees. The husband and wife later entered a marital settlement agreement, and in effect, asked the court to withdraw its earlier oral announcement assessing attorney’s fees against the husband as a sanction. Whether to relieve the husband of sanctions was a matter addressed to the discretion of the trial court. We see no abuse of discretion in the trial court’s imposition of attorney’s fees in accordance with its earlier oral announcement.
 
 See Ratigan v. Stone,
 
 947 So.2d 607 (Fla. 3d DCA 2007);
 
 Levy v. Levy,
 
 862 So.2d 48 (Fla. 3d DCA 2003).
 
 [2]
 

 The parties also have made several arguments relating to the pending charging lien. As that lien has not been adjudicated, no issue regarding the charging lien is properly before us.
 

 Affirmed.
 

 [1]
 

 . In the meantime, the wife discharged her counsel, the appellee Kutner Law Firm. The law firm filed a notice of charging lien, which remains pending below. The wife filed a legal malpractice action against the firm. The husband and wife each obtained successor counsel.
 

 [2]
 

 . Assuming for purposes of discussion that we accepted the argument of the husband and wife, the remedy would be to remand for imposition of an alternative sanction such as a fine payable to the clerk of the court.