SUAREZ, J.
Deidre Murphy appeals a final order granting her former husband’s previous counsel, George Evans’s, Motion for Relief from orders of May 6, 2010 and August 11, 2010, holding him in civil contempt and imposing fines for non-compliance with court orders. The question is whether it was an abuse of the trial court’s discretion to have granted Mr. Evans’ motion to release to him the funds he placed in the court registry pursuant to two civil contempt orders ($14,700.00 from May 6, 2010 and $9,700.00 from August 11, 2010) with the exception of $1,000.00 to be paid to the clerk of the court as a reduced fine due to the settlement of the dissolution of marriage action in which the contempt orders were entered. We find, based on the facts of this case, that the trial court did abuse its discretion and we reverse and remand with instructions.
George Evans represented the former husband, Mr. Murphy, in an action for dissolution of marriage from his now former wife. During the pendency of the dissolution proceedings, Mr. Murphy was ordered to transfer the $800,000.00 settlement proceeds he received in a civil suit to Mr. Evans’s firm trust account pending further order of the family court. The trial court allowed Mr. Evans to disburse to his firm $120,000.00 as his fee for representing Mr. Murphy in the civil suit. The trial court ordered the remaining $180,000.00 to remain frozen in Evans’s trust account until further order of the court.
A final judgment was ultimately rendered in the dissolution proceedings in March, 2009. The judgment recognized various support obligations Mr. Murphy owed to Ms. Murphy, including over $272,000.00 in past alimony and child support, and also ordered him to pay Ms. Murphy’s attorney’s fees and costs. Ms. Murphy filed a timely motion for rehearing seeking, among other relief, an order extending the injunction freezing the settlement proceeds. It is alleged that at the resulting hearing, the trial court orally granted some of the non-injunctive relief requested, but stated that it was denying “everything else argued ... in that motion.” However, the order entered by the trial court stated that the “motion for rehearing, stay and for continuation of prior injunctive relief order is granted to the extent of those fees and costs awarded....” The parties continued to litigate various post-judgment enforcement motions. At an evidentiary hearing in August, 2009, Mr. Evans, for the first time, advised the trial court that he had disbursed the $180,000.00 settlement proceeds from his trust account without receiving the trial court’s permission. The trial court ordered Mr. Evans to produce his firm’s trust and bank account records to Ms. Murphy’s counsel by August 28th. Mr. Evans did not comply. On Sept. 4, 2009, the former wife filed a motion for sanctions for failure to produce the bank and trust records and for misappropriation and unlawful disbursements of the settlement proceeds. At the December 19, 2009 hearing on the motion, the trial court once again ordered Mr. Evans to produce the records and fined him $100.00 per day for each day in which he failed to do so.
During the litigation, the former husband, through his then attorney, Mr. Evans, caused to be filed eleven various appeals in this Court as well as two motions to recuse the circuit court judges in the case. In February 2010, Ms. Murphy’s counsel was awarded temporary appellate fees in the amount of $4,000.00 to be paid by Mr. Evans, personally, and over $6,000.00 to be paid by Mr. Murphy. In *1036 May 2010, following Mr. Evans’s failure to pay said fees or to produce the bank account and trust records of his firm, the trial court found Mr. Evans in civil contempt and ordered him into custody if he failed to pay the fee awarded to Ms. Murphy’s counsel, deposit the fines with the court, and produce the records. Mr. Evans timely deposited the full purge amount into the court registry and the trial court vacated the writ of bodily attachment. On May 24, 2010, Mr. Evans filed a notice preserving a standing objection to the records production, but stating that the records had been produced and made available to Ms. Murphy’s counsel. Ms. Murphy’s counsel denies that any financial records were ever produced. Soon thereafter, Mr. Murphy obtained new counsel. In August 2010, the court entered a second civil contempt order once again compelling production of the yet to be produced trust account records and bank statements or payment of the additional fines incurred since May 2010. Mr. Evans, once again, purged himself of this order, but still did not comply with either the separately issued order requiring production of the records and deposit into the court registry of the $180,000.00 in settlement proceeds.
In September 2010, Mr. and Ms. Murphy entered into a settlement agreement that was ratified by the court in November, 2010. Both the agreement and the ratification order preserved all claims against Mr. Evans. Thereafter, Ms. Murphy set a hearing on her pending motion for contempt and other sanctions against Mr. Evans. Prior to that hearing, Mr. Evans filed an Ex-Parte Motion for Relief from the May and August contempt orders. The trial court held a non-evidentia-ry hearing on Mr. Evans’s motion and, over Ms. Murphy’s objection, granted his requested relief in an order dated January 12, 2011. The trial court reasoned that as a settlement had been entered, and the need for production of the trust and bank account records was moot. The trial court then ordered released to Mr. Evans all of the funds from the court registry, except for $1,000.00, retained as a fine.
The question of whether to relieve someone of sanctions is left to the sound discretion of the trial court. Our standard of review is whether or not the trial court abused that discretion. See Gottfried v. The Kutner Law Firm, 34 So.3d 56, 57 (Fla. 3d DCA 2010) (finding whether to relieve a party of sanctions contained in an order of contempt is a matter addressed to the sound discretion of the trial court). A review of this record shows such blatant and continued disrespect for the trial court and the trial court’s orders that we can only conclude that, by granting Mr. Evans’s motion and returning the monies held in the court registry as fines back to him, the trial court inadvertently does nothing more than send a message that, with luck, such conduct can eventually be excused. This is not the proper message. Based on the facts presented, we must find that the trial court should not have returned these funds to Mr. Evans and lowered the fine.
Fines resulting from civil contempt orders can only be reduced if the violator complies with the order that caused the fines. See Politz v. Booth, 910 So.2d 397 (Fla. 4th DCA 2005). Here, Mr. Evans paid fines into the court registry as a result of his continued refusal to produce his trust and bank account records, in direct non-compliance with court orders. The fact that the settlement agreement may or may not have mooted the former wife’s needs for the records, in this instance, can not nullify Mr. Evans’s continued disregard of the trial court’s orders to turn over the records. The fines were *1037 issued to insure compliance, and Mr. Evans never complied. In our opinion, the only way the court could have reduced the fines, or in this case, returned the funds that were held in the court registry back to Mr. Evans, is if he had complied with at least one of the trial court orders to produce his trust and bank account records, which he never did.
This case differs from Gottfried v. Kutner Law Firm, 34 So.3d 56 (Fla. 3d DCA 2010), relied upon by Mr. Evans, because the husband in Gottfried, who was issued sanctions for absenting himself from the court’s jurisdiction, eventually complied. The fines in Gottfried were issued to compel the husband to return to the jurisdiction to complete the judicial proceedings. Id. Once he complied, the court had broad discretion in deciding whether or not to relieve him from the penalties assessed. Id. at 57. In contrast, Mr. Evans never complied with the order to produce his trust account records.
Even if the settlement agreement rendered the need for the documents moot, the trial court still abused its discretion in returning the funds to Mr. Evans.[1] The Court must consider the egregiousness of Mr. Evans’s misconduct, and the reason the fines were incurred. Mr. Evans was ordered to produce his trust and bank account records in August, 2009. After incurring substantial fines for continuous non-compliance, and being held in civil contempt on two separate occasions, he still has not produced those documents. Upon remand, Mr. Evans is to place the $24,000.00 into the court registry.
The issue of whether or not the former wife incurred additional attorney’s fees is still pending. Therefore, the trial court shall hold an evidentiary hearing to determine whether Ms. Murphy incurred additional attorneys’ fees as the result Mr. Evans’s non-compliance and, if so, the amount. The funds returned to the court registry shall remain there until the issue of attorney’s fees is decided, and the court shall then determine to whom those monies belong.
Reversed and remanded with instructions.

. We make no determination whether or not the need for those documents by the former wife is or is not moot.