VILLANTI, Judge.
Randall 0. Reder appeals the order finding him in indirect civil contempt and imposing monetary sanctions against him for his alleged violation of three court orders. Because Reder did not violate the plain language of any court order in place at the time of his actions, we reverse.
The underlying dispute in this case centers on the ownership of property on Redhawk Bend in Lakeland. Christine Miller, as Personal Representative of the Estate of Abraham L. Shakespeare, Deceased (the Estate), has been in de facto possession of the Redhawk Bend property for several years. Reder is the attorney for the record title holder of the property. The trial court based its order finding Reder in contempt on three underlying orders: a September 21, 2011, order denying Reder’s motion for writ of possession; a September 30, 2011, order granting the Estate’s motion for temporary injunction; and an October 11, 2011, order granting in part and denying in part Reder’s motion to dissolve the September 30, 2011, injunction. Reder contends that his actions did not violate the provisions of any of these orders.
“For a person to be held in contempt of a court order, the language of the order must be clear and precise, and the behavior of the person must clearly violate the order.” Paul v. Johnson, 604 So.2d 883, 884 (Fla. 5th DCA 1992) (footnote omitted); see also Osmo Tec SACV Co. v. Crane Envtl., Inc., 884 So.2d 324, 326 (Fla. 2d DCA 2004) (holding that “a contempt sanction may not be imposed for the violation of an injunction unless the purportedly contemptuous act clearly contravenes the injunction” (emphasis added)); Northstar Invs. & Dev., Inc. v. Pobaco, Inc., 691 So.2d 565, 566 (Fla. 5th DCA 1997). “[T]he law ... imposes upon the court the requirement to be explicit and precise in its commands if strict compliance is to be exacted in the form of a contempt sanction.” Cooley v. Moody, 884 So.2d 143, 145 (Fla. 2d DCA 2004). Accordingly, a court cannot base a finding of contempt on a violation of the court’s intent in issuing the original order “when that intent was not plainly expressed in the written order.” Minda v. Ponce, 918 So.2d 417, 421 (Fla. 2d DCA 2006). Put simply, “‘[a] judge cannot base contempt upon noncompliance with something an order does not say.’ ” DeMello v. Buckman, 914 So.2d 1090, 1093 (Fla. 4th DCA 2005) (quoting Keitel v. Keitel, 716 So.2d 842, 845 (Fla. 4th DCA 1998)). And, unlike in horseshoe pitching, coming close to the target in a court of law is not “close enough” to score a finding of contempt.
In finding Reder in contempt of the three orders at issue in this case, the trial court relied on two separate acts by Re-der. The first act was Reder’s entry onto *744 the Redhawk Bend property on September 27, 2011. This act cannot support a finding of contempt because there was no order in place at that time banning Reder from entering the property. The only order that predates Reder’s physical entry onto the property is the September 21 order denying Reder’s motion for writ of possession, and nothing in that order explicitly prohibits Reder from entering onto the Redhawk Bend property. While the trial court stated at the contempt hearing that the intent of the September 21 order was to preserve the status quo as to possession of the property, neither the written order nor the transcript of that hearing contain any such language. Thus, to the extent the trial court found Reder in contempt of this order for failing to comply with its intent, the contempt finding cannot stand.
The second act allegedly supporting the finding of contempt was Reder’s act of changing the billing address for the electric service at Redhawk Bend from that of the Estate to his address. This act also cannot support a finding of contempt because, again, there was no order in place barring such action. The September 21 order denying the writ of possession did not prohibit Reder from taking any action at all; it simply denied the motion. The September 30 temporary injunction enjoined Reder only “from going about or into” the Redhawk Bend property. Re-der’s act of faxing paperwork from his office in Tampa to the Lakeland Electric billing office does not constitute “going about or into” the Redhawk Bend property. And the October 11 amended injunction did not alter the relevant provisions of the September 30 injunction. Thus, Re-der’s actions did not violate the clear terms of any of these orders, and to the extent that the trial court again found Reder in contempt for failing to comply with the intent of the injunction, the contempt finding cannot stand.
 We recognize that a judgment of contempt will not be overturned unless the trial court either abused its discretion or departed so substantially from the law that fundamental error occurred. See DeMello, 914 So.2d at 1093. However, a trial court’s discretion is limited by rules, statutes, and case law, and a trial court abuses its discretion when its ruling is based on an erroneous view of the law. See McDuffie v. State, 970 So.2d 312, 326 (Fla.2007). Here, the trial court’s decision to hold Reder in contempt based on the trial court’s intent rather than the plain language of the orders is just such an erroneous view of the law. While Reder’s acts may have violated the “spirit” or “intent” of the trial court’s orders, a finding of contempt requires the violation of the letter of an order — not its spirit. If “close enough” were the applicable standard, our result might be different. However, because Reder’s actions did not violate the letter of any of the trial court’s orders, we must reverse the orders finding him in contempt and imposing sanctions. On remand, the trial court shall vacate these orders.
Reversed and remanded with directions.
WALLACE and LaROSE, JJ., Concur.