NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


FRANK MENKE, III,                           )
                                            )
                Petitioner,                 )
                                            )
v.                                          )     Case No. 2D15-2144
                                            )
GARY WENDELL and DONNA WENDELL,             )
                                            )
                Respondents.                )
  _____  )

Opinion filed November 6, 2015.

Petition for Writ of Certiorari to the Circuit
Court for Sarasota County; Rochelle Curley,
Judge.

Emma J. Joels of Emma J. Joels, PLLC,
Sarasota, for Petitioner.

Harry W. Haskins, Sarasota, for
Respondents.


PER CURIAM.

Frank Menke, III, petitions this court for a writ of certiorari seeking to

quash an order of the trial court finding him in contempt for a discovery violation,

sanctioning him $20,000, and ordering that his pleadings be stricken should he fail to

pay the fine within thirty days. For the reasons discussed below, we conclude that the

order departs from the essential requirements of law. Accordingly, we grant the petition and quash the order for sanctions and contempt.

## I. THE FACTS

Mr. Menke is the defendant in a lawsuit brought by Gary Wendell and Donna Wendell, who invested in Mr. Menke's real estate holding company, Florida Landmasters, LLC, in 2004. Mr. Menke's company went bust during the recession, and the Wendells filed the underlying action in 2012 alleging fraud and seeking investment losses of approximately $180,000. During discovery, the Wendells filed a motion to compel production of documents allegedly not provided in response to their request for production. The motion was set for hearing on September 23, 2014.

The hearing was held but not transcribed. For reasons not apparent on this record, no order was entered on the motion to compel. Our record does include a "court appearance record" from the hearing, which contains notes addressing six separate categories of documents requested for production. As to items eight and nine,[1] which are at issue here, the court appearance record states:

> --REQUEST #8-FROM THE INCEPTION OF THE
> PROJECT TO TODAY-RE: INDIVIDUAL UNITS OWNED
>
> --REQUEST #9-FROM INCEPTION OF THE PROJECT TO
> TODAY-RE: TRUST ACCOUNT AND LANDMASTERS
>
> #8 & 9 TO BE PRODUCED IN 2 WEEKS.

The court appearance record does not state whether the motion to compel was granted or denied.

---

[1]Item eight of the request for production sought "[d]ocumentation of units in Landmasters owned by [Mr. Menke]"; item nine sought "[t]rust account records of funds retained in trust account of Fuller Holsonback, PA, or any other attorney."

Several months later, the Wendells filed a motion for civil contempt and sanctions against Mr. Menke, alleging that he was "in willful contempt of this Court's September 23, 2014 Order by failing to produce Items #8 and #9 of Plaintiff's Request for Production of Documents within two weeks of said September 23, 2014 Order, or October 7, 2014." The hearing on this motion, as well as a subsequent show cause hearing, were held before a different trial judge. The resulting order holds Mr. Menke in contempt, fining him $20,000 and directing that his pleadings be stricken should he fail to pay the fine within thirty days. The order also finds that the Wendells are entitled to attorney's fees, reserving jurisdiction to determine the amount.

Mr. Menke claims that the order is erroneous because the trial court never granted the motion to compel or issued an order on the motion, and he further argues that he does not have the ability to produce the requested documents. Accordingly, he contends there is no basis for the finding of contempt. Regarding the sanction, Mr. Menke argues that neither the $20,000 fine nor the sanction of striking his pleadings is supported by the law or facts.

## II. ANALYSIS

Initially, we note that a prejudgment civil contempt order entered in an ongoing proceeding is subject to certiorari review. Knorr v. Knorr, 751 So. 2d 64, 65 (Fla. 2d DCA 1999). "The applicable standard of review is whether the challenged order (1) constitutes a departure from the essential requirements of the law; (2) causes material injury throughout the remainder of the proceedings below; and (3) causes injury that is irreparable, as it effectively leaves no adequate remedy at law." Boby Express Co. v. Guerin, 930 So. 2d 842, 843 (Fla. 3d DCA 2006).

- 3 -

"It is well established that a party cannot be sanctioned for contempt for violating a court directive or order which is not clear and definite as to how a party is to comply with the court's command." Ross Dress for Less Va., Inc. v. Castro, 134 So. 3d 511, 523 (Fla. 3d DCA 2014); see Keitel v. Keitel, 716 So. 2d 842, 844 (Fla. 4th DCA 1998) ("[W]hen a final judgment or order is not sufficiently explicit or precise to put the party on notice of what the party may or may not do, it cannot support a conclusion that the party willfully or wantonly violated that order."). "Courts should be explicit and precise in their commands and should only then be strict in exacting compliance." Lawrence v. Lawrence, 384 So. 2d 279, 280 (Fla. 4th DCA 1980).

In Reder v. Miller, 102 So. 3d 742 (Fla. 2d DCA 2012), this court reversed an order of contempt where the appellant's actions did not violate the clear terms of an order entered by the court, and the trial court's finding of contempt was based on the trial court's intent rather than the plain language of the orders. In reversing and remanding to vacate the order of contempt, this court stated: "While Reder's acts may have violated the 'spirit' or 'intent' of the trial court's orders, a finding of contempt requires the violation of the letter of an order—not its spirit." Id. at 744 (emphasis added); see also Wilcoxon v. Moller, 132 So. 3d 281, 287 (Fla. 4th DCA 2014) ("A court cannot base contempt upon noncompliance with something an order does not say, and we will not read implications into an order to justify contempt.").

In this case, it is undisputed on appeal that no order was entered in response to the Wendells' motion to compel. Mr. Menke contends that there is no order because the court neither granted nor denied the motion to compel; rather, the court appearance record reflects the court's attempts to resolve issues raised by both parties

at the hearing, including clarification of the requests and the timeline for production of any remaining documents, to the extent they could be obtained by Mr. Menke.[2] The Wendells, however, contend that the motion to compel was in fact granted, and Mr. Menke was required to produce the requested documents within two weeks.

There is no transcript of this hearing, and we have only the notes on a court appearance record to determine what transpired. More importantly, we have no order. While the Wendells attempt to fill in the gaps by relaying what the court's intention was as suggested by the court appearance record, the court appearance record is signed by a deputy clerk and the notes contained therein do not constitute a ruling or order of the court. A finding of contempt cannot be based on a court's intention and must be based on a violation of the letter of an order. Reder, 102 So. 3d at 744. As we have no such order here, there is no basis for a finding of contempt.

Turning to the sanction itself, civil contempt sanctions are classified as either compensatory or coercive in nature. Parisi v. Broward Cnty., 769 So. 2d 359, 363 (Fla. 2000). An order imposing a fine for civil contempt must include a provision by which the sanctioned party has the ability to purge the contempt. Boby Express, 930 So. 2d at 843-44. Specifically, in order to satisfy the purge provision requirement, "contemnors [must] be given the opportunity to first purge the underlying contempt by performing an affirmative act before the fine can be imposed." Parisi, 769 So. 2d at

---

[2]Mr. Menke testified at the show cause hearing that he produced all relevant documents that were in his possession, and he was unable to obtain any other documents requested in items eight and nine. We need not, and therefore do not, decide whether the evidence was sufficient to establish that Mr. Menke willfully failed to produce all documents he was capable of producing in response to items eight and nine.

364. "Further, the purge instructions must actually be feasible for the contemnor." Wilcoxon, 132 So. 3d at 286. In the absence of such a purge provision, the civil contempt sanction is transformed into a criminal contempt sanction. Parisi, 769 So. 2d at 365.

Additionally, "the imposition of sanctions must have some bearing upon the harm suffered by the injured party." Boby Express, 930 So. 2d at 843-44. Fines for civil contempt may be imposed either as a coercive contempt sanction intended to secure future compliance or as a compensatory contempt sanction intended to compensate for losses sustained as a result of the contempt. Parisi, 769 So. 2d at 366. In imposing a fine as a coercive sanction, the court must consider the financial resources of the contemnor in setting the amount of the fine. Id. at 366. In imposing a fine as a compensatory sanction, the amount of the fine must be based on evidence of the injured party's actual loss. Id.

The trial court order in this case cites Channel Components, Inc. v. America II Electronics, Inc., 915 So. 2d 1278 (Fla. 2d DCA 2005), in support of its authority to impose a $20,000 compensatory fine as punishment for contempt. However, the fine imposed in Channel Components "represents a coercive civil contempt sanction, the amount of which the defendants could have avoided altogether by complying with the court's discovery orders." Id. at 1282 (emphasis added). This court affirmed the sanction in Channel Components because "the trial court scrupulously followed the procedure necessary to impose a coercive civil contempt sanction arising from the violation of the discovery orders." Id. at 1283-84. The defendants in that case failed to comply with discovery requests despite two orders to

compel. Thereafter, the court gave the defendants another week to comply before imposing a coercive civil contempt sanction of $2500 per day, not to exceed thirty days, for each day the defendants failed to comply. Id. at 1284.

By contrast, the finding of contempt in this case is not based on even one order to compel, the absence of which prevents a proper finding that Mr. Menke was in willful violation of a court order. Further, the contempt order contains no purge provision by which Mr. Menke can avoid the fine. The fine thus cannot be categorized as coercive, nor did the trial court follow the procedures necessary for imposing a compensatory fine. No evidence was presented as to damages incurred by the Wendells which would support the imposition of a $20,000 fine, nor was any evidence presented as to Mr. Menke's ability to pay such a fine. This is particularly troubling because the order further provides that his failure to pay within thirty days of the order will result in Mr. Menke's pleadings being stricken. This court has said that the sanction of default for failing to make discovery

> is not penal. It is not punitive. It is not aimed at punishment of the litigant. The objective is compliance- compliance with the discovery Rules. . . . The sanctions should be invoked only in flagrant cases, certainly no less than aggravated cases, and then only after the court has given the defaulting party a reasonable opportunity to conform after originally failing or even refusing to appear.

Allstate Ins. Co. v. Biddy, 392 So. 2d 938, 942 (Fla. 2d DCA 1980) (quoting Hurley v. Werly, 203 So. 2d 530, 537 (Fla. 2d DCA 1967)); cf. Luca v. Largo Diversified, Inc., 396 So. 2d 1228, 1229 (Fla. 2d DCA 1981) (affirming sanction of default where "[t]he record reflects no plausible justification or excuse for Mrs. Luca's thrice occurring refusal to appear for her deposition or for her defiance of the court's order").

### III. CONCLUSION

In conclusion, the order in this case departs from the essential requirements of law.  Accordingly, we grant the petition for certiorari and quash the order for sanctions and contempt in its entirety.

Certiorari granted; order quashed.

CASANUEVA, KELLY, and BADALAMENTI, JJ., Concur.