Per Curiam.
The Department of Health appeals an order compelling it to produce public records to the Rehabilitation Center at Hollywood Hills and holding the Department in contempt for failing to produce those records in compliance with a final judgment previously entered by the court. We conclude *980 that the trial court erred in compelling immediate disclosure of the records and holding the Department in contempt because the final judgment was silent with regard to the Department's duty to redact confidential or exempt information from the requested records.
Hollywood Hills made a public records request to the Department for death certificates for all Floridians who died between September 9 and September 16, 2017. The Department responded that death certificates are maintained as vital records and are thus subject to the procedures provided in chapter 382, Florida Statutes (the Vital Statistics Act). To comply with the requirements of the Vital Statistics Act, the Department instructed Hollywood Hills to submit a form containing the decedent's name for each requested death certificate. See Fla. Admin. Code R. 64V-1.0131 (providing requirements for requests for vital records, including death certificates).
Hollywood Hills countered that its request was not subject to the requirements of the Vital Statistics Act because it was requesting records pursuant to chapter 119, Florida Statutes (the Public Records Act). See § 119.01(1), Fla. Stat. (2017) (providing that all state, county, and municipal records are open for inspection and copying as a general rule). Hollywood Hills asserted that it was therefore not required to complete the forms required by the Vital Statistics Act, provide the names of the decedents, or request the records individually. Rather, Hollywood Hills could request the records en masse, identifying only the dates to be searched.
The Department disagreed with Hollywood Hills' position that it was not required to follow the procedures under the Vital Statistics Act, and it did not produce the records. Hollywood Hills petitioned for mandamus relief to compel immediate production of the records and sought declaratory relief alleging that the Department had unlawfully withheld public records.
An immediate hearing on the petition and complaint proceeded in the circuit court. See § 119.07(1)(g), Fla. Stat. (2017) (providing for a hearing when an exemption to the Public Records Act is asserted). The trial court concluded that the death certificates were public records that were not exempt from disclosure under the Public Records Act. The trial court also found that the Department could not require Hollywood Hills to request each death certificate by name. Instead, Hollywood Hills could request all of the death certificates using a single form submitted pursuant to the Vital Statistics Act, listing only the range of dates to be searched. The trial court entered a final judgment in favor of Hollywood Hills and ordered the Department to "comply expeditiously with any future records requests from [Hollywood Hills] that are in substantial compliance with this judgment." The Department did not appeal the final judgment.
Hollywood Hills then sent a new public records request to the Department seeking production of the death certificates, this time completing a single form and providing only the date range for the records to be searched. The Department notified Hollywood Hills that before producing the records, it was required to review the records and redact any confidential information or information made exempt from disclosure. The Department provided an estimate for the costs of review and redaction and informed Hollywood Hills that it would be required to remit payment before the records were produced. See § 382.0255, Fla. Stat. (2017) (authorizing the Department to charge reasonable fees for the production of death certificates).
Hollywood Hills responded that the cost estimate was excessive and that only limited redaction of the records was permissible *981 because the final judgment required the Department to produce the death certificates redacting only the cause of death (information that Hollywood Hills agreed was exempt from disclosure under the Vital Statistics Act). The Department argued that the final judgment was silent as to the redaction of information from the death certificates. Hollywood Hills moved to enforce the final judgment and to hold the Department in contempt. After a hearing, the trial court held the Department in contempt for failure to comply with the final judgment. The court determined that the only information the Department could redact from the death certificates was the cause of death and ordered the Department to produce electronic copies of the approximately 5,907 death certificates within forty-eight hours of its order.
The Department sought a stay of the contempt and enforcement order, which was granted by order of this Court pending the outcome of this appeal.[1] After review of the record in this case, we conclude that the trial court erred in holding the Department in contempt because the final judgment was not sufficiently clear and precise as to how the Department was to comply with the court's order. A party cannot be held in contempt for violating a court order that is not clear and definite as to how a party should comply with the court's command. Ross Dress for Less, Va., Inc. v. Castro , 134 So.3d 511, 523 (Fla. 3d DCA 2014). Here, the trial court erred when it held the Department in contempt for failing to comply with the final judgment because the final judgment did not address whether the Department was to produce the death certificates without redacting confidential or exempt information.
The express terms of the final judgment (1) required the Department to produce death certificates in response to a future public records request from Hollywood Hills, and (2) permitted Hollywood Hills to request the records using the form required by the Vital Statistics Act, but listing only a date range and without including the names of the decedents. But nothing in the final judgment addressed whether any portions of the requested records were subject to review and redaction for confidential information or information made exempt from disclosure. Pursuant to several provisions of the Public Records Act and the Vital Statistics Act, the Department may not disclose information that is confidential or exempt from disclosure. § 382.025(2), Fla. Stat. (2017). For example, pursuant to section 382.008(6), Florida Statutes, subject to certain exceptions not applicable here, the Department may not disclose the cause of death on a death certificate. Additionally, the Department must redact the social security number of the deceased pursuant to section 119.071(5)(a)6., Florida Statutes, and the home addresses, phone numbers, and dates of birth of certain governmental employees, including law enforcement officers and firefighters pursuant to section 119.071(4)(d), Florida Statutes. Other statutory exemptions may also apply to the death certificates requested by Hollywood Hills. And yet, the final judgment ordered the Department to produce the death certificates to Hollywood Hills, without addressing the Department's statutory duty to safeguard confidential and exempt information contained in the requested death certificates.
"Courts should be explicit and precise in their commands and should only then be strict in exacting compliance."
*982 Menke v. Wendell , 188 So.3d 869, 872 (Fla. 2d DCA 2015) (citing Lawrence v. Lawrence , 384 So.2d 279, 280 (Fla. 4th DCA 1980) ). "[W]hen a final judgment or order is not sufficiently explicit or precise to put the party on notice of what the party may or may not do, it cannot support a conclusion that the party willfully or wantonly violated that order." Keitel v. Keitel , 716 So.2d 842, 844 (Fla. 4th DCA 1998). Violation of the intent or spirit of an order is not sufficient to hold a party in contempt. Menke , 188 So.3d at 872.
The final judgment directing the Department to comply with future public records requests from Hollywood Hills did not clearly address what information the Department was required to disclose when producing the records and failed to take into account the confidential or exempt status of information contained in the death certificates it ordered the Department to produce. Accordingly, we hold that the trial court erred in directing the Department to produce the records with only the cause of death redacted and in holding the Department in contempt for failure to comply with the final judgment.
REVERSED .
Rowe, Bilbrey, and Winsor, JJ., concur.

The trial court denied the Department's motion to extend the forty-eight-hour automatic stay put in place by Florida Rule of Appellate Procedure 9.310(b)(2), but the court granted the Department fifteen days to file a motion for stay in this Court.