# Third District Court of Appeal

## State of Florida

Opinion filed February 27, 2019.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D18-948
Lower Tribunal No. 04-13059
_____


**George Evans,**
Appellant,

vs.

**Deirdre A. Murphy,**
Appellee.


An Appeal from the Circuit Court for Miami-Dade County, Monica Gordo, Judge.

Lehtinen Schultz, PLLC, and Claudio Riedi, for appellant.

Costello Law, LLC, and Joseph A. Costello (Fort Lauderdale), for appellee.


Before EMAS, C.J., and SALTER and MILLER, JJ.

EMAS, C.J.

George Evans[1] appeals the trial court's order summarily denying his 2015 "Amended Motion for Relief from Order Dated December 2, 2013." The trial court denied the motion as untimely, "facially deficient and simply an attempt to re-litigate issues which were previously known and could have been addressed at the time the original order was entered."

We agree, and further conclude that the amended motion was barred by law of the case. See Evans v. Murphy, 159 So. 3d 199 (Fla. 3d DCA 2015); Suffolk Constr. Co. v. First Sealord Sur., Inc., 63 So. 3d 18, 19 (Fla. 3d DCA 2011) ("When an appellate court has decided a question of law, the decision of the court becomes

---

[1] We note, by way of background, that the action below began as a dissolution of marriage case in which Evans represented the former husband. During the pendency of the dissolution proceedings, Evans' client was ordered to transfer $300,000 (proceeds from a settlement of an unrelated civil suit) into Evans' law firm trust account, pending further order of the court. Later, the trial court ordered that $180,000 of those proceeds be deposited into the court registry. Evans failed to do so. Evans later acknowledged at a hearing before the trial court that he transferred those funds from his trust account without the trial court's authorization. Evans also failed to comply with the trial court's order to produce his firm's trust and bank records to account for the disbursement of those proceeds. Several hearings were held and orders entered relating to Evans' improper disbursement of those funds and his failure to comply with the trial court's orders. A more expansive description of the history of the case can be found in Murphy v. Evans, 96 So. 3d 1034 (Fla. 3d DCA 2012). Evans was eventually held in contempt, and was ordered to pay the former wife's attorney's fees and costs. Evans was suspended from the practice of law by emergency order of the Florida Supreme Court, and he later consented to a permanent disbarment following a referee's determination that Evans, inter alia, wrongfully disbursed funds from his law firm trust account to satisfy personal and business obligations. See The Fla. Bar v. Evans, 77 So. 3d 647 (Fla. 2011) (table).

law of the case. This doctrine prevents reconsideration of all issues necessarily decided in the former appeal").[2]

Affirmed.

---

[2] This is at least the fourth appeal taken by Evans from orders entered against him in circuit court case number 04-13059 FC 07.  See 3D14-201; 3D13-2452; 3D10-2401.