NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

| | | |
|---|---|---|
| IN RE: CONTEMPT ADJUDICATION OF JESSIE L. WEINER. | ) ) ) ) | Case No. 2D19-1413 |

Opinion filed August 7, 2019.

Petition for Writ of Habeas Corpus to the
Circuit Court for Pasco County; Lauralee
G. Westine, Judge.

Melissa Isaak of The Isaak Law Firm,
Montgomery, Alabama; and Richard J.
Mockler and Angela L. Leiner of Mockler
Leiner Law, P.A., Tampa, for Petitioner.

PER CURIAM.

In accordance with our previously entered order converting Jessie L.

Weiner's petition for a writ of certiorari to a petition for a writ of habeas corpus and

granting it, we now write to address the trial court's errors in finding Ms. Weiner in

indirect criminal contempt.[1]

---

[1]Ms. Weiner petitioned this court for a writ of certiorari seeking to challenge the trial court's order finding her in indirect criminal contempt. We treated the petition as one for a writ of habeas corpus, see Blalock v. Rice, 707 So. 2d 738, 739 (Fla. 2d DCA 1997), and on May 6, 2019, issued an order concluding that the trial court erred in finding Ms. Weiner in indirect criminal contempt. The order provided that an opinion would follow.

The proceeding below is a postjudgment custody action between Timothy Weiner (the Father) and Jesica Wingo (the Mother). Ms. Weiner is the Father's current wife and is not a party to the action below.

In December 2018, during the pendency of the custody case, the trial court issued two orders directing the Father to keep any information about the case off social media and to prevent family members from publishing information about the custody action on social media. Because she is not a party to the custody case, Ms. Weiner was not served with the order. Thereafter, on March 21, 2019, the trial court entered an order directing Ms. Weiner to show cause why she should not be held in indirect criminal contempt for failing to obey the orders. Ms. Weiner received the order to show cause on April 1, 2019, the day before the 4:30 p.m. hearing that had been scheduled on the order to show cause. Her counsel, whom she retained on the same day as the hearing on the order to show cause, appeared and orally argued for dismissal, for the judge's disqualification, and for a continuance. The trial court denied all of the motions, found Ms. Weiner guilty of indirect criminal contempt, and sentenced her to five months' confinement in the Pasco County Jail. She then challenged the court's contempt order in the petition before this court. For the reasons set forth below, we granted Ms. Weiner's petition for writ of habeas corpus. She has been released from confinement pursuant to our May 6, 2019, order.

First, the order to show cause violated Ms. Weiner's due process rights because she was not subject to or served with the court order that she was accused of disobeying. "For a person to be held in contempt of a court order, the language of the order must be clear and precise, and the behavior of the person must clearly violate the

- 2 -

order." Reder v. Miller, 102 So. 3d 742, 743 (Fla. 2d DCA 2012) (quoting Paul v. Johnson, 604 So. 2d 883, 884 (Fla. 5th DCA 1992)).  Here, the trial court recited the conduct it perceived to be objectionable based on the previously-issued orders directed to the Father, which were not served on Ms. Weiner.  See Tsokos v. Sunset Cove Invs., Inc., 936 So. 2d 667, 670 (Fla. 2d DCA 2006) (holding that third parties could not be held in indirect criminal contempt for violating a judgment where the judgment did not proscribe the conduct forming the basis of the order to show cause); cf. Reder, 102 So. 3d at 743-44 (concluding that attorney could not be held in indirect civil contempt for conduct that did not violate the express language of the order and clarifying that "to the extent the trial court found [the attorney] in contempt of this order for failing to comply with its intent, the contempt finding cannot stand").

Second, the order to show cause was not served on Ms. Weiner within a "reasonable time allowed for preparation of the defense," as required by Florida Rule of Criminal Procedure 3.840(a).  Ms. Weiner's name did not appear in the order's service list, and it is undisputed that she received the order the day before the hearing and did not engage counsel until the morning of the hearing.  Cf. Russ v. State, 622 So. 2d 501, 502 (Fla. 5th DCA 1993) (reversing contempt order on the basis that notice served two days before the hearing was not reasonable and violated due process).

Finally, the trial judge should have disqualified herself because the contempt conduct involved disrespect and criticism of the judge.  Rule 3.840(e) provides that a trial judge must disqualify herself if the charged contempt "involves disrespect to or criticism of" the judge.  "[T]he purpose of the rule is to assure that a person cited for a contempt of court which involved a criticism of a judge, would not be tried on the

- 3 -

contempt charge before the judge who was the subject of the criticism." <u>Bumgarner v.</u>

<u>State</u>, 245 So. 2d 635, 637 (Fla. 4th DCA 1971) (construing Florida Rule of Criminal

Procedure 1.840(a)(5), the predecessor rule that is materially the same as the current

rule 3.840(e)).

Accordingly, Ms. Weiner is entitled to habeas relief. The contempt order is

quashed.

SILBERMAN, MORRIS, and BLACK, JJ., Concur.