# Third District Court of Appeal

## State of Florida

Opinion filed July 21, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-1231
Lower Tribunal No. 17-6808
_____

**Steven A. Schultz,**
Petitioner,

vs.

**Annemarie Schultz n/k/a Annemarie Wissink,**
Respondent.

On Petition for Writ of Certiorari from the Circuit Court for Miami-Dade County, Christina Marie DiRaimondo, Judge.

Brinkley Morgan, and Kenneth A. Gordon and Benjamin Sunshine (Fort Lauderdale), for petitioner.

Morelli Law Offices, PLLC, and Vanessa Morelli; Nelson Mullins Broad and Cassel, and Mark F. Raymond and Kimberly J. Freedman, for respondent.

Before SCALES, MILLER and LOBREE, JJ.

SCALES, J.

Steven A. Schultz, the former husband, seeks certiorari review of the trial court's May 3, 2021 discovery order that overruled the former husband's objections to two discovery requests by Annemarie Wissink, the former wife. We deny the petition as to that portion of the discovery order related to the former husband's financial documents because the record does not indicate that the former husband made the stipulation below that he makes in his briefing to this Court. Further, we deny the petition as to that portion of the discovery order related to the investigative and surveillance reports sought by the former wife, because the discovery order limits the required production to those documents upon which the former husband intends to rely at the August 11, 2021 contempt hearing.

## I.  Facts and Relevant Background

Pursuant to the parties' final divorce decree (that ratified the parties' marital settlement agreement – "MSA"), the former husband is required to make support payments to the former wife until the outstanding amount owed is paid. The MSA, though, contains an early termination provision providing that the payments due to the former wife "shall terminate immediately upon the Wife's death, remarriage *or cohabitation with another person on a resident, continuing conjugal basis*." (Emphasis added).

The former husband stopped making support payments on October 1, 2020. The former wife then filed a motion for contempt, seeking to hold the former husband in civil contempt for his willful and intentional refusal to make the support payments. The former wife also filed an initial discovery request seeking extensive financial records from the former husband. The former husband responded to the former wife's contempt motion by asserting that the MSA's early termination provision relieved him of his support obligations; that is, the former husband believed the former wife was cohabiting with someone so as to implicate the early termination provision of the parties MSA. The former husband also filed a general objection to the requested financial information.[1]

After receiving the former husband's defenses to her contempt motion, the former wife propounded upon the former husband a second production request seeking all surveillance and investigatory information related to the

---

[1] For each of the items sought by the former wife, the former husband interposed the following objection:

> The Former Husband objects to the request as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. The Former Husband objects to this request to the extent it calls for the production of information or documents that are privileged or otherwise protected from discovery pursuant to the work product doctrine, attorney-client privilege or any other applicable privilege, protection or immunity.

former husband's claim that the MSA's early termination provision has been triggered. The former husband filed a work product objection to this request for production.

The trial court conducted a hearing of which we have not been provided a transcript. At the hearing, the trial court overruled the former husband's objections and, on May 3, 2021, entered the challenged discovery order requiring the former husband to produce the requested documents. The former husband seeks certiorari review of this May 3, 2021 discovery order.

## II. Analysis

### A. Discovery Request for Financial Information from Former Husband

With regard to the former wife's discovery request seeking detailed financial information from the former husband, the former husband argues to us that the requested financial information is irrelevant to the main issue now pending before the trial court, i.e., whether the former wife has triggered the MSA's early termination provision so as to relieve the former husband of his obligation to make the required payments. While the former husband's relevancy argument certainly has some allure,[2] should the trial court find that

---

[2] "[T]he disclosure of personal financial information may cause irreparable harm to a person forced to disclose it, in a case in which the information is not relevant." Friedman v. Heart Inst. of Port St. Lucie, Inc., 863 So. 2d 189,

the MSA's early termination provision was not triggered, the trial court must determine that the former husband had the ability to pay before it can find the former husband in contempt. See Menke v. Wendell, 188 So. 3d 869, 871-72 (Fla. 2d DCA 2015).

In his certiorari petition *filed in this Court*, the former husband expressly stipulates that he has the financial ability to make the support payments. The former husband, however, does not provide us with any indication that this stipulation was made in the lower proceeding. His relevancy objection was merely boilerplate, see note 1, *supra*, and we are unable to find in the record below the express stipulation the former husband now makes in his submissions to this Court. Thus, we can hardly conclude that the trial court somehow departed from the essential requirements of law – warranting certiorari relief – when it is unclear whether the trial court had the benefit of the argument that may warrant such relief. See First Call Ventures, LLC v. Nationwide Relocation Servs., Inc., 127 So. 3d 691, 693 (Fla. 4th DCA 2013) ("Generally, a petitioner cannot raise in a petition for writ of certiorari a ground that was not raised below.").

B. *Discovery Request for Surveillance and Investigatory Materials*

---

194 (Fla. 2003) (quoting Straub v. Matte, 805 So. 2d 99, 100 (Fla. 4th DCA 2002)).

The discovery order overrules the former husband's work product objection to producing the requested surveillance and investigatory documents and requires the former husband to produce those responsive documents that the former husband intends to use at the August 11, 2021 hearing. The former wife is obviously entitled to the documents that the former husband intends to use at the hearing, and the trial court did not depart from the essential requirements of law by requiring the former husband to produce such documents. See Dodson v. Persell, 390 So. 2d 704, 707 (Fla. 1980) ("[T]he contents of surveillance films and materials are subject to discovery in every instance where they are intended to be presented at trial either for substantive, corroborative, or impeachment purposes. Any work product privilege that existed for the contents ceases once the materials or testimony are intended for trial use.").

Petition denied.