# DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
## FOURTH DISTRICT

**ANGELA BENTRIM,**
Appellant,

v.

**JEFFREY BENTRIM,**
Appellee.

No. 4D21-1303

[March 9, 2022]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Renatha Francis, Judge; L.T. Case No. 502007DR008773.

Margherita Downey of the Law Office of Margherita Downey LLC, Delray Beach, for appellant.

Robert M. Lewis of the Law Office of Robert M. Lewis LLC, Jupiter, for appellee.

KLINGENSMITH, J.

This case represents another chapter in a long-running saga of post-dissolution proceedings by these parties in both the lower and appellate courts. In this particular matter, Angela Bentrim ("Former Wife") appeals the trial court's order denying her motion for contempt without prejudice and granting Jeffrey Bentrim's ("Former Husband") motion for contempt against her. We reverse the contempt order obtained by Former Husband but affirm on all other issues without comment.

The parties divorced in 2009. After their dissolution was finalized, they continued filing various motions against each other. In April 2020, the court adopted a general magistrate's findings of fact and conclusions of law recommending the parties' minor child attend counseling. The court order required the parties to agree on a counselor within fifteen days and included that "[a]ll communications between the child and her therapist shall remain confidential as provided in Florida law, Section 90.503, Florida Statutes."

Former Wife submitted three potential counselors for Former Husband's consideration. Former Husband stated a preference for one name on the list, a social worker, whom the child had been seeing. Former Wife then allegedly took the child to see another potential counselor, a psychologist, without Former Husband's knowledge or consent. Upon learning of this in October 2020, Former Husband moved for contempt against Former Wife, claiming she failed to agree to a mutually acceptable counselor in violation of the court order.

The trial court conducted a hearing on Former Husband's motion and took testimony from the social worker. She testified that she initially obtained consent from Former Wife to see the child. In December 2020, Former Wife sent her an email advising that she did not want the social worker to treat the child any longer and requested copies of her notes for the sessions she had with the child. Unaware of the April 2020 order, the social worker sent these notes to both parents pursuant to that request. Toward the end of the hearing, Former Husband made an oral motion requesting that Former Wife be held in contempt because she requested and received the confidential records from the social worker in violation of the April 2020 order.

Days after the hearing concluded, the trial court issued an order granting Former Husband's motion for contempt. The trial court found the April 2020 order required all communications between the counselor and child be kept confidential and that Former Wife's request violated the order. The trial court ordered that neither party could use the records obtained from the social worker in any proceedings, sanctioned Former Wife by requiring her to pay for all services rendered by both the psychologist and the social worker, and awarded Former Husband $1,200.00 in attorney's fees payable in thirty days. This appeal follows.

"A judgment of contempt comes to the appellate court clothed with a presumption of correctness and will not be overturned unless a clear showing is made that the trial court either abused its discretion or departed so substantially from the essential requirements of law as to have committed fundamental error." *Harris v. Hampton*, 70 So. 3d 747, 748 (Fla. 4th DCA 2011) (quoting *DeMello v. Buckman*, 914 So. 2d 1090, 1093 (Fla. 4th DCA 2005)).

Although the April 2020 order stated that communications between the counselor and the child would be confidential, this was not sufficiently explicit to provide fair notice to the parties that neither parent could request these notes, since ordinarily parents have the right of access to their children's records. *See* § 90.503, Fla. Stat. (2019). Section 90.503(1),

2

Florida Statutes (2019), "psychotherapist-patient privilege" allows for certain communication disclosures:

> (c) A communication between psychotherapist and patient is "confidential" if it is not intended to be disclosed to third persons other than:
> 1. Those persons present to further the interest of the patient in the consultation, examination, or interview.
> 2. Those persons necessary for the transmission of the communication.
> 3. Those persons who are participating in the diagnosis and treatment under the direction of the psychotherapist.

The privilege may be claimed by a "guardian or conservator of the patient." § 90.503(3)(b), Fla. Stat (2019). "[P]arents, as legal and/or natural guardians, have traditionally acted on behalf of minor children when making important decisions regarding a child's physical and mental health . . . ." *See S.H.Y. v. P.G.,* 320 So. 3d 797, 800–01 (Fla. 2d DCA 2021).

"For a person to be held in contempt of a court order, the language of the order must be clear and precise, *and* the behavior of the person must clearly violate the order." *Godwin v. Godwin,* 273 So. 3d 16, 22 (Fla. 4th DCA 2019) (quoting *Reder v. Miller,* 102 So. 3d 742, 743 (Fla. 2d DCA 2012)). "In either the civil or criminal contempt scenario, a person cannot be held in contempt for violating a court's order if the order is not sufficiently explicit or precise to put a party on notice of exactly what it must or must not do." *Wilcoxon v. Moller,* 132 So. 3d 281, 286–87 (Fla. 4th DCA 2014); *see also Godwin,* 273 So. 3d at 22 ("We have previously reversed orders of contempt where the underlying order failed to specifically preclude the actions challenged.").

We cannot interpret the plain language in the April 2020 order without considering its reference to the statute. The court order specified that the scope of confidentiality was "as provided in" section 90.503, which gives the right of confidentiality to the patient. In the case of a minor, the privilege belongs to the guardian, which would be either Former Wife or Former Husband in this case. *See* § 90.503, Fla. Stat. (2019); *S.H.Y.,* 320 So. 3d at 800–01. Although the trial court could have found that Former Wife was barred from waiving the privilege, *see Attorney ad Litem for D.K. v. Parents of D.K.,* 780 So. 2d 301, 307 (Fla. 4th DCA 2001), the April 2020 order did not clearly and precisely ban her from requesting the social worker's records, *see Godwin,* 273 So. 3d at 22. Former Wife could not have violated an order to keep the communications confidential as

provided by a statute that ostensibly gives her, as a parent, rights to assert or waive the confidential privilege. *See* § 90.503, Fla. Stat. (2019). Because the trial court's ambiguous wording in the April 2020 order failed to put the parties on notice of what conduct was prohibited, the contempt order issued against Former Wife is hereby vacated.

*Affirmed in part, reversed and vacated in part.*

KLINGENSMITH, KUNTZ, and ARTAU, JJ., concur.

\*        \*        \*

***Not final until disposition of timely filed motion for rehearing.***