# Third District Court of Appeal
## State of Florida

Opinion filed March 12, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-2174
Lower Tribunal No. 24-3475-FC-04
_____

**Rodrigo Troy Prichard,**
Petitioner,

vs.

**Andrea Galicia,**
Respondent.

A Writ of Certiorari to the Circuit Court for Miami-Dade County, Abby Cynamon, Judge.

Abramowitz and Associates, and Evan L. Abramowitz, for petitioner.

Sandy T. Fox, P.A., and Sandy T. Fox and Sara E. Ross, for respondent.

Before EMAS, SCALES and MILLER, JJ.

PER CURIAM.

In this ongoing marital dissolution action, Rodrigo Troy Prichard seeks certiorari review of a November 5, 2024, non-final order that (i) finds Prichard in civil contempt for his willful and intentional failure to comply with prior, agreed-to trial court orders on financial discovery and temporary support, and (ii) imposes a $1,000 daily coercive fine until Prichard complies fully with the agreed orders (the "Contempt Order").[1] Prichard challenges only that aspect of the Contempt Order that imposes the coercive fine, which we review via writ of certiorari.[2] See Ross Dress for Less Va., Inc. v. Castro, 134 So. 3d 511, 522 (Fla. 3d DCA 2014) ("We review the instant order imposing a $200 a day fine pending compliance with the trial court's outstanding directives as a prejudgment civil contempt order subject to certiorari review."); Menke v. Wendell, 188 So. 3d 869, 871 (Fla. 2d DCA 2015)

---

[1] The Contempt Order found that Prichard violated a May 10, 2024 "Agreed Order on Husband's Discovery" and a July 14, 2024 "Agreed Order on Wife's Motion for Temporary Attorney's Fees, Suit Monies and Costs" by failing to file an updated financial affidavit and to provide both outstanding financial discovery and temporary support to his wife, respondent Andrea Galicia.

[2] "The applicable standard of review is whether the challenged order (1) constitutes a departure from the essential requirements of the law; (2) causes material injury throughout the remainder of the proceedings below; and (3) causes injury that is irreparable, as it effectively leaves no adequate remedy at law." Boby Express Co. v. Guerin, 930 So. 2d 842, 843 (Fla. 3d DCA 2006).

("Initially, we note that a prejudgment civil contempt order entered in an ongoing proceeding is subject to certiorari review.").

While a per diem fine is an acceptable coercive sanction, "the trial court's discretion in imposing the amount of the fine is not unlimited." Parisi v. Broward Cnty., 769 So. 2d 359, 366 (Fla. 2000). The trial court "must, in fixing the amount of a fine to be imposed . . . as a means of securing future compliance, consider the amount of [the contemnor's] financial resources and the consequent seriousness of the burden to that particular [contemnor]." Id. (quoting U.S. v. United Mine Workers of Am., 330 U.S. 258, 304 (1947) (italics omitted)). A trial court's failure to consider the contemnor's financial resources in setting the amount of the coercive fine constitutes a departure from the essential requirements of the law that causes irreparable harm not remedial on appeal. See Menke, 188 So. 3d at 873.

Here, neither the Contempt Order nor the transcript of the contempt proceeding conducted below reflect any trial court consideration of or findings as to Prichard's ability to pay a daily $1,000 fine, as is required to impose a coercive fine. The trial court's failure to follow the procedure necessary to impose the coercive fine constituted a departure from the essential requirements of the law. See Creative Choice Homes, II, Ltd. v. Keystone Guard Servs., 137 So. 3d 1144, 1147-48 (Fla. 3d DCA 2014) ("The

3

trial court also failed to make any findings or consider Creative Choice's ability to pay the per diem fines, as is required under Florida law. While the trial court need not conduct an evidentiary hearing or make precise calculations in every case, there must be some indication in the record that the trial court considered the contemnor's ability to comply with the sanction . . . . Nothing in this record, however, evidences even the slightest consideration of Creative Choice's present ability to comply with the per diem assessments. Thus, the sanctions order does not comply with the essential requirements of the law.") (citations omitted).

We, therefore, grant certiorari review and quash that portion of the Contempt Order that imposes a coercive fine.

Certiorari petition granted; order quashed in part.